KENTUCKY TRUST COMPANY, Executor of the Estate of Martin L. Schmidt, Deceased, Appellant,

v.

Seldon R. GLENN, Collector of Internal Revenue, Appellee.

No. 12136.

United States Court of Appeals
Sixth Circuit.

Nov. 22, 1954.

John P. Sandidge, Louisville, Ky., Woodward, Hobson & Fulton, Louisville, Ky., on brief, for appellant.

S. Dee Hanson, Washington, D. C., H. Brian Holland, Ellis N. Slack, L. W. Post, Washington, D. C., J. Leonard Walker, Louisville, Ky., on brief, for appellee.

Before McALLISTER, MILLER, and STEWART, Circuit Judges.

McALLISTER, Circuit Judge.

Appellant sued in the district court for a refund of estate taxes which it had paid as Executor of the Estate of Martin L. Schmidt, Deceased, to the Collector of Internal Revenue, on the ground that the Collector had improperly assessed the tax in question against the estate. The assessment was based upon the claim that certain trusts had been created by Mr. Schmidt in contemplation of death and should, therefore, be included in his estate for federal estate tax purposes, pursuant to Title 26 U.S.C.A. § 811(c). On this issue, the jury found in favor of the Collector. The issues presented on appeal are: whether the instructions of the district court to the jury, and the introduction, over appellant's objection, of certain claimed incompetent and immaterial evidence constituted prejudicial, reversible error. Appellee contends that the instructions were correct; that appellant did not object to the giving of the instructions and, therefore, cannot, under Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A., assign error thereon; and, finally, that the evidence complained of was competent and material.

Prior to the giving of the instructions to the jury, the district court informed counsel for both parties that it would model the instructions upon those given in a prior case, which had been tried by the district court, known as the Beam case. Counsel for appellant had won the Beam case, and he and government counsel approved the use of such similar instructions in the instant case. The instructions in the Beam case, in so far as pertinent to the issue before us, are as follows:

"In this case, or under this statute I should say, the Commissioner of Internal Revenue is charged with the duty and the power of assessing internal revenue taxes by the gov-

ernment of the United States, and when he has made such an assessment it is presumed, and the law makes this presumption, until that presumption is overcome by proof to the contrary, that his assessment is made upon sufficient evidence. In other words, the law presumes that in his investigation of any given case that he receives facts sufficient to justify the assessment which he makes. And before the jury can disregard the assessment, they must be convinced by the evidence in the case that the Commissioner acted in making the assessment in a manner unwarranted by the actual facts and unjust to the plaintiff."

The instruction as given in the instant case was slightly varied from the instruction in the Beam case, and is as follows:

"In this case and under this statute, the Commissioner of Internal Revenue is charged with the duty and the power of assessing internal revenue taxes by the government and the law makes this presumption, that his assessment is made upon sufficient evidence. In other words, the law presumes that in his investigation of any given case. the Commissioner receives facts or discovers facts sufficient to justify the assessment which he makes. And before the jury can disregard the assessment, they must be convinced by the evidence in this case that the Commissioner acted, in making the assessment, in a manner unwarranted by the actual facts and unjust to the plaintiff, or to the estate of the decedent."

The above instruction was approved by counsel for both parties, and the question whether it was erroneous is not here raised. The specific error here relied upon is that the trial court improperly refused appellant's counsel the right to argue to the jury that the Commissioner did not have all the facts, then in evidence, before him at the time he made the assessment; that the other facts

showed that the assessment was not justified; that the Commissioner consequently committed a mistake in making the assessment; and that the assessment was, therefore, made upon insufficient evidence with the result that the presumption that the assessment was made upon sufficient evidence, was thus overcome. Although, as has been said, the instruction as given by the trial court was approved by counsel on behalf of both parties, nevertheless, we are of the opinion, in view of the claim that the trial court improperly restricted the argument to the jury of appellant's counsel, that certain observations should be made as to the correctness of the above instruction.

 It is not necessary for a taxpayer, in order to recover an assessment, to prove to, or to convince a jury that the Commissioner acted. in making the assessment, in a manner unwarranted by the actual facts, and unjust to plaintiff. While there is a presumption that the action of the Commissioner is correct, that presumption disappears when evidence is introduced to overcome it. As said by Judge Learned Hand in Alpine Forwarding Co. v. Pennsylvania R. Co., 2 Cir., 60 F.2d 734, 736, "If the trial is properly conducted, the presumption will not be mentioned at all—though the judgment need not of course inevitably be reversed if it is * * *." The presumption merely calls upon the opposing party to produce proof to establish his case. It is not evidence and may not be given weight as evidence. New York Life Ins. Co. v. Gamer, 303 U.S. 161, 58 S.Ct. 500, 82 L.Ed. 726. In McGrew's Estate v. Commissioner, 6 Cir., 135 F.2d 158, 162, 148 A.L.R. 1045, in passing upon an appeal from the Tax Court, this court said: "Where there is substantial evidence controverting a prima facie presumption, the fact issue must be resolved upon the whole body of proof. In Del Vecchio v. Bowers, 296 U.S. 280, 56 S.Ct. 190, 80 L.Ed. 229, a court of appeals was reversed in its holding that when the evidence on an issue of fact is evenly balanced a presumption

created by statute must tip the scales. The Supreme Court declared that the only matter for decision was whether an affirmative finding contrary to the legal presumption was supported by evidence. See, also, New York Life Ins. Co. v. Gamer, 303 U.S. 161, 170, 58 S.Ct. 500, 82 L.Ed. 726, 114 A.L.R. 1218, and cases there cited."

■ From the instruction as given, the jury was bound to receive the impression that the presumption that the Commissioner's assessment was correct, constituted evidence. The action of the Commissioner in making the assessment was, properly, of no concern to the jury; but they were virtually told to decide the case on the issue whether the Commissioner had acted in an unjust and unwarranted manner toward the taxpayer. The instruction in question was both erroneous and prejudicial. Subsequent instructions as to prima facie and conclusive presumptions did not correct the error.

■ We have, then, an erroneous and prejudicial instruction, which the court informed counsel it was going to give to the jury, and which was approved, before it was given, by counsel for appellant. However, inasmuch as the court had announced it would give the instruction, counsel did not object, apparently because of the fact that he had already won a prior case in the face of the same unfavorable instruction. But he assumed that he would have the right to argue to the jury the proposition that, although there was a presumption that the Commissioner had received or discovered facts sufficient to justify the assessment and that a prima facie case was thus made, nevertheless, at the time the assessment was made, the facts then existing, of which the Commissioner had no knowledge, disclosed that the assessment had been made on insufficient information; and that the presumption of its correctness was, therefore, not justified, and disappeared.

When, however, counsel for appellant attempted to proceed along this line of argument, opposing counsel objected on the ground that the Commissioner's assessment was presumed to be correct. The court sustained the objection, whereupon counsel for appellant stated to the court:

"Judge, do you mean that I am not permitted to argue that the Commissioner might not have had all these facts before him when he made the assessment?"

In reply, the court stated:

"No, that has nothing to do with it. The law presumed that the assessment was made by the Commissioner on facts which justified the assessment."

Thereupon, in obedience to the ruling of the court, appellant's counsel desisted from making further argument in this regard.

We are of the view that appellant's counsel should have been permitted to argue his contention and the evidence supporting it to the jury. The fact that counsel waived the giving of an instruction, which was erroneous and prejudicial, with respect to a prima facie presumption, did not foreclose him from the right of arguing that such prima facie presumption was overcome by the evidence. It is true that the court instructed the jury that the assessment was prima facie evidence of its correctness and that such evidence was sufficient to establish the fact in issue only until it was refuted and overcome by other evidence. But the ruling of the district court, in effect, made the presumption of the correctness of the assessment a conclusive presumption of law, for the only way in which appellant could show that the assessment was incorrect, was to prove the irrelevant fact—which in most cases would be impossible of proof —that the Commissioner had acted in an unjust and unwarranted way toward appellant. Appellant had not approved that construction of the law which erroneously prevented him from presenting his case to the jury. From the record, it appears that the point urged on this ap-

467

peal—that appellant had the right to argue that the presumption of correctness disappeared upon a consideration of the evidence which the Commissioner did not have before him when he made his determination—was called to the attention of the trial court during final argument, in such a manner as clearly to advise the court of the question of law involved. That is sufficient to present on appeal the claimed error of the trial court in failing to give such an instruction upon the nature of the presumption as would have enabled appellant's counsel to present his proffered argument. See Williams v. Powers, 6 Cir., 135 F.2d 153, 156. We are of the view that it was prejudicial error so to limit appellant's counsel as to prevent him from arguing that the presumption of correctness of the Commissioner's determination disappeared upon a consideration of all the evidence.

Appellant also complains of the admission, over its objection, of incompetent, prejudicial testimony. The agent of the Internal Revenue Bureau was sworn as a witness by the government and was asked the question: "Upon what facts or circumstances, did you base your determination that the Trust estates were part of Mr. Schmidt's estate?" The answer was: "Well, my determination was made by the fact that the Will, the Trust instruments and the life insurance policy assignments were all made at practically the same time."

The objection made by counsel for appellant was that the reason why the agent made the determination was purely a matter of argument. The trial court overruled the objection, stating: "This is the basis for the assessment." The testimony of the government witness as to why he made the determination to the effect that the trusts in question were made in contemplation of death invaded the province of the jury and permitted the witness to express his opinion as to the ultimate fact. The witness should not have been permitted to testify, in effect, why he believed the deceased made the trusts in contemplation of death.

The testimony was incompetent and prejudicial.

Discussion of the other contentions advanced on appeal is unnecessary to the determination of this case.

In accordance with the foregoing, the judgment of the district court is set aside, and the case remanded for a new trial.