GARLOCK, INC., Plaintiff-Appellant,

v.

UNITED SEAL INCORPORATED, Thomas M. Loring, Jack A. Bush, Edward E. Blaurock and Benjamin W. Thoms, Defendants-Appellees,

Republic Industrial Corporation, Auxiliary Defendant-Appellee.

No. 18509.

United States Court of Appeals Sixth Circuit.

Dec. 20, 1968.

W. Gerald Warren, Detroit, Mich., for appellant; Dickinson, Wright, McKean & Cudlip, Fred W. Freeman, George B. Martin, Detroit, Mich., on brief.

Don K. Harness, Detroit, Mich., for appellees; Lyman R. Lyon, Harness, Dickey & Pierce, Detroit, Mich., on brief.

Before WEICK, Chief Judge, and PHILLIPS and EDWARDS, Circuit Judges.

PER CURIAM.

This appeal is from an order of the District Court denying plaintiff's motion for a preliminary injunction.

The action in the District Court was for damages and injunctive relief. The complaint, filed in July, 1967, contained three counts alleging violation of the Sherman Act, breach of fiduciary duty, and unfair competition. The motion for preliminary injunction was to restrain defendants from manufacturing and selling automotive and railroad oil seals made from molds, designs or compounds alleged to be trade secrets of plaintiff, and from exploitation of plaintiff's corporate opportunity to make and sell helix seals.

The individual defendants at one time were employed in executive capacities by Michigan Precision Molded, Inc. (MPM), a Michigan corporation engaged in the manufacture of oil seals, with its factory located at Walled Lake, Michigan. Garlock, Inc. purchased MPM in 1964. It experienced labor difficulties and therefore determined to and did move its plant to Gastonia, North Carolina. When the individual defendants learned of the plan to move the plant, they resigned from Garlock and formed United Seal, Inc., a Michigan corporation, in 1965, and engaged in the manufacture of oil seals in competition with Garlock, and

with the assistance of a number of former employees of MPM or Garlock. Republic Industrial Corporation later acquired all of the issued and outstanding shares of stock of United Seal.

The District Judge conducted an extensive evidentiary hearing on the motion for preliminary injunction, which lasted thirteen days. He considered 162 exhibits and wrote a memorandum opinion denying the motion, which appears on 14 of the 1839 pages of transcript. He found that plaintiff had failed to establish irreparable injury and probability of success on a trial of the merits. Balancing the rights of the parties, the Court found that damages would be adequate to compensate plaintiff if it did later establish a right to recover. On the other hand he found that injunctive relief as requested by plaintiff would put the defendant out of business and it was not necessary in order to maintain the status quo which had existed for one and one-half years before plaintiff commenced its action.

It must be remembered that the action was for damages as well as injunctive relief. A demand for a jury trial had been made and defendants were entitled to a trial by jury on the merits of the case.

■ While the hearing before the District Court approached a full scale trial, the Judge was not authorized to determine the case on its merits, but only to decide whether plaintiff was entitled to injunctive relief. In order to be entitled to such relief plaintiff had the burden of establishing a clear case of irreparable injury and of convincing the Court that the balance of injury favored the granting of the injunction, Set-O-Type Co. v. American Multigraph Co., 55 F.2d 800 (6th Cir. 1932). Probability of success on the trial must also be shown, H. E. Fletcher Co. v. Rock of Ages Corp., 326 F.2d 13 (2d Cir. 1963).

■■ On appeal, we do not consider the merits of the case further than necessary to determine whether the District Judge abused his discretion in denying the motion for preliminary injunction. Meccano, Ltd. v. John Wanamaker, 253 U.S. 136, 40 S.Ct. 463, 64 L.Ed. 822 (1920); Hornback v. Brotherhood of R. R. Signalmen, 346 F.2d 161 (6th Cir. 1965).

Our review of the record fails to convince us that the District Judge abused his discretion.

Affirmed.