**Mrs. Kay BURKETT, Plaintiff,**

v.

**TUSLAW LOCAL SCHOOL DISTRICT BOARD OF EDUCATION et al., Defendant.**

**Civ. A. No. C 74–116 Y.**

United States District Court,
N. D. Ohio, E. D.

July 10, 1974.

John T. DeFazio, Green, Schiavoni, Murphy & Haines, Youngstown, Ohio, for plaintiff.

James P. Murphy, Squires, Sanders & Dempsey, Cleveland, Ohio, for defendants.

## ORDER

CONTIE, District Judge.

Plaintiff has moved this Court for a preliminary injunction to enjoin the defendants from carrying out actions which would not renew plaintiff's contract of employment for the 1974–1975 school year, pending a final hearing in this lawsuit. It is plaintiff's contention that the defendants have deprived plaintiff of a protectable property interest in her continued employment which emanates from the defendant Board's employment policy, rules and regulations without first affording plaintiff the procedural safeguards guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution.

Plaintiff further contends that the actions of defendants will result in irreparable injury, loss and damage to plaintiff, and further asserts that the issuance of a preliminary injunction will not cause undue inconvenience or loss to the defendants, but will prevent irreparable injury to the plaintiff.

This Court held a hearing on June 3, 1974, at which it heard testimony and took evidence relating to plaintiff's claims. Upon consideration, and for the reasons stated below, plaintiff's motion for a preliminary injunction shall be denied.

The facts as developed at the hearing of June 3, 1974 are basically uncontroverted. Plaintiff possesses a provisional certificate from the State of Ohio. She was a teacher and was employed by the defendant Tuslaw School Board for the past five years, the first three years under one year limited contracts and for the last two years under a two year contract.

It appeared from the testimony that during her performance under her two year contract, the principal of the school, one Mr. Alex Paris, learned of pupil and fellow teacher dissatisfaction with plaintiff's teaching. Pursuant to these reports, Mr. Paris attempted to evaluate plaintiff's teaching practices. He, therefore, on various occasions, during the 1972–1973 school year, observed the plaintiff in her classroom. Subsequent to the observations, Mr. Paris spoke with the plaintiff and advised her of any shortcomings which he observed.

Specific comments made by Mr. Paris related to plaintiff's preparation for class, indicating that he was of the opinion that plaintiff's classes were little more than study halls and that more instruction and lecture ought to take place during class periods. Mr. Paris further commented upon the maintenance of the equipment entrusted to plaintiff, and specifically advised plaintiff that her teaching was "not the kind of program I want in this school" and that plaintiff "would have to improve". It was the opinion of Mr. Paris that the plaintiff's performance did not improve during the first part of the second semester. The problems eventually culminated in the defendant Board of Education advising plaintiff on March 15, 1974 that she would not be given a one year limited contract for the school year of 1974–1975.

The Board's conduct is to be measured by the Tuslaw Local Board of Education's policies, which in its pertinent parts provide:

"30.342 *Procedure for non-reappointment.*

Any teacher employed under a limited contract by this Board is automatically reemployed, unless he is notified that he is not to be reemployed. Such notification on non-reemployment must be made in writing on or before April 30th or 30 days prior to the termination of the school year, whichever date is earlier

.     .     .     .     .     .

2. In cases where a teacher's performance adversely affects the school program, such teacher will be notified of possible non-reappointment by the local superintendent prior to the end of the first semester of that school year so that affected party shall have the opportunity to improve his performance."

Plaintiff asserts that although she is not tenured, that she had a protectable property interest for due process purposes, and that this interest was within the ambit of the protective guarantees of the Fifth and Fourteenth Amendments. Plaintiff asserts that the obligations created by the defendants under their Board of Education policies created a duty which they did not dispatch, and that therefore plaintiff's rights have been violated.

However, the defendants assert that the procedures established by their Board of Education policies were followed in fact, and that, therefore, plaintiff is not entitled to any relief.

This Court finds that as a matter of fact, Section 30.342 was followed by the School Board, in that the School Board notified plaintiff on March 15, 1974 that she would not be offered a one year limited contract for the school year 1974–1975. As to the policy in 30.342(2) this Court finds that although plaintiff was no specifically told that she would not be reappointed by the School Board if she did not improve, she was made aware of the fact that the Board was unhappy with her classroom conduct, and she was perfectly aware of the fact that she was told that she would have to improve. The obvious import of these statements, combined with the fact that plaintiff was observed on four separate occasions, which is highly unusual, would be that the Board was seriously considering the propriety of her abilities as a teacher, and that evaluations were being made of her abilities.

As stated in 30.342(2), the purpose of notifying the teacher in the first semester of her possible non-reappointment is

". . . so that affected parties parties shall have the opportunity to improve his performance." It is the opinion of this Court, and the Court so finds, that the statements to plaintiff that she would have to improve and that her program was not the kind of program that the principal wanted in the school adequately notified the plaintiff of the possibility of her non-reappointment by the local superintendent, and the Court further finds that these notices were given to plaintiff in the first semester of the 1973–1974 school year

■ Turning to the law, this Court finds that the case of Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L. Ed.2d 570 (1972) is distinguishable from the facts in the instant case in that the *Perry* decision by the Supreme Court was based upon preserving a protectable property interest of the plaintiff in that case. In the instant case, Section 30.342 of the Board of Education policies creates a protectable property interest, and were said section to have been breached, this Court would be of the opinion that plaintiff would have a protectable property interest under the due process clause of the Fifth and Fourteenth Amendments.

However, 30.342(2) does not turn upon the concept of automatically reemploying a teacher, but rather turns upon a notification of substandard performance and is basically provided as a notification section so that a teacher would be able to improve his or her performance before a decision under Section 30. 342 was made as to non-reemployment. As the Court said in *Sindermann*:

"We disagree with the Court of Appeals insofar as it held that a mere subjective 'expectancy' is protected by procedural due process . . ." Perry v. Sindermann, supra.

Further, the Sixth Circuit in the case of Orr v. Trinter, 444 F.2d 128 (C.A.6 1971) stated in respect to a non-tenured teacher's termination:

"We cannot agree that the refusal to rehire plaintiff without giving rea-

sons is itself a violation of either substantive or procedural due process. We hold that the failure to give a reason for the refusal to rehire, or to grant a hearing in connection therewith, standing alone, is not constitutionally impermissible conduct on the part of the Board of Education."

This Court is of the further opinion that plaintiff has not demonstrated that she is subject to irreparable injury. The testimony brought out at the hearing indicated that plaintiff might find it difficult to secure a teaching job. However, as such, this factor alone is not irreparable injury.

 Consideration of the preliminary injunction rests within the discretion of the trial court. See Deckert v. Independence Shares Corporation, 311 U.S. 282, 61 S.Ct. 229, 85 L.Ed. 189 (1940). The burden of persuasion is placed upon a plaintiff seeking a preliminary injunction to make a clear showing that he is entitled to such action. Garlock, Inc. v. United Seal Inc., 404 F. 2d 256 (C.A.6 1968).

Four basic factors which the Court takes into consideration upon considering a motion for a preliminary injunction include:

1. A threat of irreparable harm;
2. Balancing of the potential harm to the plaintiff and the harm to the defendant;
3. The probability that plaintiff would succeed upon the merits; and ·
4. The public interest.

Wright and Miller Federal Practice and Procedure, Civil Section No. 2948. As stated above, this Court is of the opinion that plaintiff has failed to show any irreparable injury.

This Court is also of the opinion that the likelihood of plaintiff's success on the merits is not such as would entertain the granting of a preliminary injunction.

Further, this Court is of the opinion that the public interests are best served in denying a preliminary injunction.

This Court believes that plaintiff has an adequate remedy at law if she has been illegally terminated from employment with the defendant School Board. Such an action would be an action for damages for lost wages. See Greene v. Howard University, 134 U.S.App.D.C. 81, 412 F.2d 1128 (1969); Wellner v. Minnesota State Junior College Board, 487 F.2d 153 (C.A.8 1973).

Therefore, and for the reasons stated above, this Court is of the opinion that plaintiff has not carried forward its burden and that the equitable considerations do not lend themselves to the issuance of a preliminary injunction. Therefore, plaintiff's motion for a preliminary injunction is hereby denied.

It is so ordered.