**HENRY VLIETSTRA PLASTERING & ACOUSTICAL CO. et al., Plaintiffs,**

**v.**

**INTERNAL REVENUE SERVICE and the United States of America, Defendants.**

**No. K 75–168 CA 4.**

United States District Court, W. D. Michigan, S. D.

July 8, 1975.

As Amended Aug. 22, 1975.

---

Joseph J. Jerkins, Kalamazoo, Mich., for plaintiffs.

Frank S. Spies, U. S. Atty., Grand Rapids, Mich., for defendants.

## OPINION ON PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER, AND ORDER

MILES, District Judge.

Plaintiffs' actions filed herein seeking emergency relief from this Court to enjoin the United States Internal Revenue Service from levying on accounts receivable and to release existing levies have been heard and considered by this Court.

The Henry Vlietstra Plastering and Acoustical Company, Inc. was assessed in the amount of $39,355.77 by the Internal Revenue Service in taxes on December 9, 1974 for the Employer's Quarterly Tax Return for the period ending September 30, 1974. The lien was filed with the Uniform Commercial Code

section of the Secretary of State and the Registrar of Deeds for the County of Kalamazoo on or about January 15, 1975. On January 21, 1975, Henry Vlietstra and Henry and Mary Vlietstra filed a security agreement against Henry Vlietstra Plastering and Acoustical Company, Inc. for alleged debts owed totalling approximately $180,000.00. Subsequent to the filing of its January 15 lien, the Internal Revenue Service levied on the Accounts Receivable of Henry Vlietstra Plastering and Acoustical Company, Inc. to satisfy its lien. As a result of these levies, it received approximately $17,-000.00.

On March 10, 1975, the Internal Revenue Service assessed against Henry Vlietstra Plastering and Acoustical Company, Inc. $66,400.17 for the Employer's Quarterly Tax Return (Form 941) for the period ending December 31, 1974 and $939.40 for the Employer's Annual Federal Unemployment Tax Return (Form 940) for the period ending December 31, 1974. The government's lien on these last assessments was filed after proper notice and demand, not being sooner than March 21, 1975, due to the ten day statutory period for notice and demand.

On April 3, 1975, the Internal Revenue Service received payment in full on its January 15, 1975 lien, issuing releases of levies against all outstanding levies based on that lien except the levy to Miller-Davis, Inc. However, while notifying Miller-Davis, Inc. that the tax upon which the January 15 lien was based had been paid, on April 14, 1975, they levied against the Upjohn Company in care of Austin Company and Miller-Davis for the taxes filed in its second March 21 lien.

On April 24, 1975, "a show cause hearing" was held at Kalamazoo, Michigan on plaintiffs' motion seeking a restraining order enjoining defendants from levying on all accounts receivable and releasing any existing levies on the accounts pending final determination by this Court. Jurisdiction was alleged under 26 U.S.C. §§ 7426 and 6323. Plain-tiffs argued that unless a temporary restraining order is issued they will lose large sums of monies and suffer irreparable injury.

The government at that time moved to substitute the United States of America for M. W. Patton, under Title 26 U.S.C. § 7426(b), which was granted by the Court. They further moved to dismiss Henry Vlietstra Plastering and Acoustical Company, Inc. as an improper party under the alleged jurisdiction, denied the right to a temporary restraining order based on the failure of plaintiffs to establish irreparable harm, or the strong possibility of success on the merits, and further, that plaintiffs had adequate remedies under 26 U.S.C.A. § 7426(b) (2).

The Court took the entire matter under advisement and requested briefs to be filed by April 30, 1975.

On May 1, 1975, defendant issued a Jeopardy Assessment pursuant to 26 U.S.C. § 6672 on individual plaintiffs Henry and Mary Vlietstra, and levied on their assets, specifically, monies contained in joint bank accounts at First National Bank and Trust Company of Kalamazoo, Michigan and the Industrial State Bank of Kalamazoo, Michigan. In response, plaintiffs, on May 6, 1975, filed an Amended Complaint with the Court and requested the Court to grant a Temporary Restraining Order against the defendant Internal Revenue Service in enforcing their jeopardy assessment.

On May 15, 1975, a hearing was held on this new motion, plaintiffs urging that it was their understanding that the "abeyance order" of this Court included actions of this nature. They further argued that while the jeopardy assessment was for taxes allegedly owed by the plaintiff, Henry Vlietstra under 26 U.S.C. § 6672, Mary Vlietstra was neither an officer nor a person with corporate responsibility during the period of said tax collection liability. In response, the defendant contends that the Amended Complaint was barred by the Anti-Injunction Act, 26 U.S.C. §

7421(a), the failure to state required equity jurisdiction, and the plaintiffs' failure to file a claim for a refund. At the request of plaintiffs, on June 20, 1975, further arguments were heard in response to evidence introduced in the form of three depositions.

■ Contrary to plaintiffs' assertion, a tax assessment is presumptively valid and the burden is on the taxpayer to prove its invalidity. *Helvering v. Taylor*, 293 U.S. 507, 55 S.Ct. 287, 79 L.Ed. 623 (1935); *Commissioner of Internal Revenue v. Hansen*, 360 U.S. 446, 79 S.Ct. 1270, 3 L.Ed.2d 1360 (1959). Such a presumption is not evidence itself and disappears upon the introduction of evidence to overcome it. *Compton v. United States*, 334 F.2d 212 (4th Cir. 1964); *New York Life Insurance Co. v. Gamer*, 303 U.S. 161, 58 S.Ct. 500, 82 L.Ed. 726 (1938); *Kentucky Trust Co. v. Glenn*, 217 F.2d 462 (6th Cir. 1954).

■■ The United States is not subject to suit without its consent, *United States v. Sherwood*, 312 U.S. 584, 61 S. Ct. 767, 85 L.Ed. 1058 (1941); *Malone v. Bowdoin*, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962), waiver of this sovereign immunity being strictly construed. *United States v. Sherwood*, supra; *United States v. Michel*, 282 U.S. 656, 51 S.Ct. 284, 75 L.Ed. 598 (1931). The Internal Revenue Service not being a separate entity but a branch of the United States is thus included.

Congress, in 1867, enacted the Anti-Injunction Act, now codified in 26 U.S.C. § 7421 which states in explicit language:

"SEC. 7421. *Prohibition of suits to restrain assessment or collection.*

(a) *Tax.*—Except as provided in sections 6212(a) and (c), 6213(a), and 7426(a) and (b)(1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

The Supreme Court has interpreted the principal purpose of this language to be the protection of the government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference, "and to require that the legal right to the disputed sums be determined in a suit for refund." *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962); *Bob Jones University v. Simon*, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496, 509 (1974). Accordingly, except for the specific code sections referred to in the Act, the Supreme Court has held that only upon proof of the presence of two factors could the literal terms of Section 7421(a) be avoided.

" . . . [f]irst, irreparable injury, the essential prerequisite for injunctive relief in any case; and second, certainty of success on the merits. . . . An injunction could issue only 'if it is clear that under no circumstances could the Government ultimately prevail . . . .' . . .

And this determination would be made on the basis of the information available to the Government at the time of the suit." *Bob Jones University*, 416 U.S. at 736, 94 S.Ct. at 2046, 40 L.Ed. 2d at 509.

Although the provisions of 26 U.S.C. § 7421(a) prohibit suits to enjoin and restrain the collection of taxes, in 26 U.S.C. § 7426, an enumerated exception, the sovereign immunity of the United States is waived to the extent that a party other than a taxpayer who claims that his property has been levied upon in satisfaction of taxes of another may bring suit against it to prevent such levy or for a judgment equal to the amount realized from such property.

SEC. 7426. *Civil actions by persons other than taxpayers.*

(a) *Actions permitted.*—

(1) Wrongful levy.—If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which

such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary or his delegate.

■ A careful examination of this section reveals that for it to apply there must be (1) a levy, or (2) a sale, and that a claim must be made by (3) one 'whom claims an interest in or lien on such property' and (4) that such property was wrongfully levied upon. *Western Pennsylvania National Bank v. U. S.*, 354 F.Supp. 373 (W.D.Pa.1973).

■ With this case and statutory authority in mind we proceed to examine plaintiffs' contentions. While it is true as argued by the government that plaintiffs under 26 U.S.C. § 7426(b)(2) may sue for a refund, title 26 U.S.C. Section 7426(a)(1) imposes no restriction on the kind of civil action that can be brought against the United States because of a wrongful levy. *Broday v. United States*, 455 F.2d 1097, 1099 (5 Cir. 1972). The Court, however, is mindful of the Congressional intent to keep to a minimum preenforcement judicial interference. *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. at 7, 82 S.Ct. 1125.

With regard to the granting of injunctive relief, the criteria set forth in the recent case of *Burkett v. Tuslaw Local School District Board of Education,* 380 F.Supp. 812 (N.D.Ohio 1974) are helpful. In considering the propriety of injunctive relief, Judge Contie summarized the standards that guide a Court in the administration of this extraordinary remedy:

"Consideration of the preliminary injunction rests within the discretion of the trial court. See *Deckert v. Inde-*

*pendence Shares Corporation*, 311 U.S. 282, 61 S.Ct. 229, 85 L.Ed. 189 (1940). The burden of persuasion is placed upon a plaintiff seeking a preliminary injunction to make a clear showing that he is entitled to such action. *Garlock, Inc. v. United Seal Inc.*, 404 F.2d 256 (C.A. 6 1968).

Four basic factors which the Court takes into consideration upon considering a motion for a preliminary injunction include:

1. A threat of irreparable harm;

2. Balancing of the potential harm to the plaintiff and the harm to the defendant.

3. The probability that plaintiff would succeed upon the merits; and

4. The public interest.

Wright and Miller Federal Practice and Procedure, Civil Section No. 2948."

See also 26 U.S.C. § 7426(b)(1).

*Levies on Accounts Receivable*

The government argues that because of the nature of the Henry Vlietstra Plastering & Acoustical Co. as a closely-held corporation, it is doubtful whether the alleged debt of $180,000.00 upon which the security agreement is based, is genuine. In support thereof, they cite *Alterman Foods, Inc. v. United States*, 505 F.2d 873 (5 Cir. 1974) which lists at least 13 factors that have been emphasized in determining whether the advances made were loans or a contribution to capital. 505 F.2d at 876.

■ Plaintiffs in response have submitted the promissory notes received for the alleged loans as well as supporting testimony in the form of depositions taken of various individuals.[1] While plaintiffs may have been successful in meeting their burden of showing probability of success on the merits, they have failed to convince this Court that their

---

1. Depositions were submitted of Glenn Horner, the bookkeeper for the Henry Vlietstra Plastering & Acoustical Co.; Larry DeMink, the certified public accountant who handled their tax returns; and Thomas Van Dis, the Commercial Loan Officer of American National Bank & Trust Co. of Michigan.

having to file for a refund will result in irreparable injury to themselves.

Plaintiff Henry Vlietstra testified that he is presently the owner of Plastering Interior Systems Corp., receiving as a salary approximately $800. His property includes a personal home and office and "a couple of houses." Plaintiff Mary Vlietstra, while complaining of a nervous condition because of the levies, offered no documentary proof or testimony to support such a charge. This Court concurs with the position taken in *Virginia Petroleum Jobbers Association v. Federal Power Commission,* 104 U.S. App.D.C. 106, 259 F.2d 921, 925 (1958) where it was observed:

" . . . [T]he key word in this consideration is *irreparable*. Mere injuries, however substantial, in terms of money, time, and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the *ordinary course of* litigation, weighs heavily against a claim of irreparable harm."

Plaintiffs' allegations as to prejudice are but recitational and generalized in character and do not set forth in what manner they are or will in fact be limited or handicapped by the interval of time required to sue for a refund. They do not properly set forth what problems have resulted in "increased anxiety" supported by the allegation of a nervous condition existing. It is to be noted finally that Henry and Mary Vlietstra in affidavits submitted to this Court state that they are presently solvent (as of May 1975) and are not contemplating bankruptcy.

### Enforcement of Jeopardy Assessment

Section 6672 under which the government issues its jeopardy assessment states:

§ 6672. Failure to collect and pay over tax, or attempt to evade or defeat tax

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable. Aug. 16, 1954, c. 736, 68A Stat. 828.

Clearly, under 26 U.S.C. § 7426(a)(1), plaintiff Henry Vlietstra does not have standing to attack the jeopardy assessment. Plaintiff Mary Vlietstra, however, argues that under this section her monies in a joint account(s) have been wrongfully assessed. In support thereof, she urges that while she was an officer at one time in the Henry Vlietstra Plastering and Acoustical Company, Inc., she was not an officer at such time as the taxes in question were to have been collected and paid.

While again observing that there may be some merit to plaintiff's claim, she has failed to convince this Court that having to wait and file for a refund will result in irreparable injury to her either financially or through emotional distress.

Based on oral arguments of counsel, the cases and statutes cited, as well as the submitted briefs and depositions, it is concluded that plaintiffs have sufficient remedy and relief under 26 U.S.C. § 7426(b)(2)(B)(C) without the necessity for the extraordinary action of issuing a temporary restraining order.

It is apparent from the above discussion that the government was correct in moving for the dismissal of the Henry Vlietstra Plastering and Acoustical Company, Inc. as a party plaintiff, said party not coming within the exception of "any person (other than the person against whom is assessed the tax out of which such levy arose)," 26 U.S.C. § 7426(a)(1). Neither does the Company appear able to establish the presence of the two factors by which it

could avoid the literal terms of Section 7421(a). *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962).

Accordingly, the defendant's motion to dismiss the plaintiff Company is hereby granted. Further, plaintiffs' motions for a temporary restraining order as it pertains to various levies on Accounts Receivable and the enforcement of the Jeopardy Assessment is denied.

It is so ordered.