# UNITED STATES of America, Plaintiff,
## v.
# PLANTATION CORPORATION,
### Defendant.
### Civ. A. No. 79–344–S.
United States District Court,

D. Massachusetts.

May 5, 1980.

Bruce A. Singal, Asst. U.S. Atty., Boston, Mass., for plaintiff.

Samuel Newman, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

SKINNER, District Judge.

The United States brought this action against the defendant, Plantation Corporation (Plantation), pursuant to 26 U.S.C. § 6332(c), for its failure to honor a tax levy served on it on March 9, 1977, 26 U.S.C. § 6332(a). The government seeks recovery of the value of the property levied, 300 shares of defendant's common stock, 26 U.S.C. § 6332(c)(1), and an additional amount equal to 50% of that sum as a penalty. 26 U.S.C. § 6332(c)(2). Jurisdiction is based upon 28 U.S.C. §§ 1340, 1345 and 26 U.S.C. § 7402. The facts are not in dispute and both parties have cross moved for summary judgment. Fed.R.Civ.P. 56.

In 1974 the Internal Revenue Service assessed a tax deficiency against Charles T. Sanderson III (Sanderson) in the amount of $46,864.20, plus interest; notice of the tax lien was properly filed on February 28, 1975. On May 12, 1975 the Internal Revenue Service filed a tax lien against Sanderson for an additional $5,643.74 in unpaid taxes for 1974. At all times prior to and during 1975, Sanderson owned 300 shares of common stock in Plantation which were apparently held by the corporation. Notice of both levies was served on Plantation on March 6, 1975 and January 9, 1976, respectively.

On December 1, 1975, William Herbits obtained a state court judgment against Sanderson and Plantation in which Plantation was ordered to turn over Sanderson's shares to Herbits; Plantation complied and on March 12, 1976 turned over Sanderson's stock certificate. On December 27, 1976, after notice was published, Herbits sold the 300 shares at a public auction. Plantation was the only bidder and purchased the shares for $15,000. Thereafter, it retired the shares as treasury stock. Plantation has never received the stock certificate.

On March 9, 1977, the IRS served Plantation with the levy in suit demanding that the corporation surrender the shares in sat-

isfaction of Sanderson's tax liability, currently $59,915.12. Plantation instituted a wrongful levy action, pursuant to 26 U.S.C. § 7426, seeking a permanent injunction against its enforcement. *Plantation Corporation v. United States*, CA No. 77–791–G. After a trial on the merits, Judge Garrity concluded that the levy was proper as Plantation had had abundant notice of the government's interest in the stock prior to the time of sale. Tr. 34–35. Since Plantation has failed to honor the levy and surrender the shares, the current suit is for their value and the statutory penalty.

Defendant's liability turns on whether, by its purchase of the 300 shares of stock on December 27, 1976, it received actual or constructive possession of the levied property. If Plantation received such an interest, it was required to "surrender such property or rights" to the Secretary of the Treasury, 26 U.S.C. § 6332(a), and failing to do so would be liable to the United States under § 6332(c).

 By filing suit challenging the levy, Plantation necessarily "claim[ed] an interest in" the shares. 26 U.S.C. § 7426(a); *Henry Vlietstra Plastering & Acoustical Co. v. Internal Revenue Service*, 401 F.Supp. 829, 833 (D.Mich.1975); *see also J. A. Wynne Co., Inc. v. R. D. Phillips Construction Co.*, 468 F.Supp. 5 (M.D.Fla.1977) (contractual right to set-off is an interest allowing a suit to challenge a levy). This interest, arising out of the purchase of the shares, is itself a "right to property" under Massachusetts law and creates an equitable title in the transferee. M.G.L.A. c. 106 § 8–309, Massachusetts Code Comment; *Good Fellows Associates, Inc. v. Silverman*, 283 Mass. 173, 186 N.E. 48 (1933); *Stuart v. Sargent*, 283 Mass. 536, 186 N.E. 649 (1933).

Moreover, in the prior action, the parties had stipulated that "[t]he shares so purchased by [Plantation] were then retired as treasury stock, and have not been reissued," *Stipulation of Facts*, ¶ 9, C.A. No. 77–791–G. Plantation must necessarily have asserted some possessory interest in order to retire the stock. Defendant now argues that retirement could not have been effected as it never received a valid trans-

fer of the shares from Herbits, or his estate. *See Affidavit of Robert Benea*. It asserts the stipulation should therefore have no application in the present case. This is manifestly not so under Massachusetts law. M.G.L.A. c. 156B § 29 provides that the directors of a corporation may issue a replacement certificate for shares "alleged to have been lost, mutilated or destroyed." Under this provision Plantation could have reissued Sanderson's lost certificate and then voted to retire the shares.

At a minimum, Plantation had the power to secure actual possession of the shares purchased from Herbits. Having never surrendered its interest to the government, Plantation has failed to comply with § 6332(a).

Accordingly, the government's motion for summary judgment under § 6332(c) is ALLOWED as to liability. The case will be set for trial on the issue of the valuation of Plantation's interest in the shares.