In re George M. DEWBERRY, Debtor.

George M. DEWBERRY, Plaintiff,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. HG 93–80051.
Adv. No. 93–8024.

United States Bankruptcy Court,
W.D. Michigan.

Sept. 21, 1993.

Jeffrey A. DeVree, Elizabeth K. Bransdorfer, Grand Rapids, MI, Donald A. Statland, Chicago, IL, for plaintiff.

Ruth Ann Ernst, Grand Rapids, MI, John V. Cardone, Alexandria Nicholaides, CTS, Northern Region, Tax Div., Dept. of Justice, Washington, D.C., Oksana Xenos, James Mauro, Dist. Counsel, IRS, Grand Rapids, MI, for defendant.

### OPINION ON MOTION FOR SUMMARY JUDGMENT

LAURENCE E. HOWARD, Chief Judge.

This matter is before the court on the motion for the Plaintiff, George M. Dewberry, for summary judgment. The following procedural and factual history appears to be uncontroverted from the pleadings, affidavits, exhibits and admissions of the parties.

The Plaintiff commenced this adversary proceeding against the United States challenging the assessment under 26 U.S.C. § 6672 of a 100% penalty against him as a responsible person for willful failure to collect, account for and turnover withholding taxes for the employees of Pennaco Resources Corporation. At one time, the Plaintiff was an officer, director and 50% shareholder of the corporation.

The employee withholding taxes at issue were for the first and second quarters of 1983. The original unpaid balance allegedly assessed against the Plaintiff appears to be $91,124.92.

The Plaintiff does not challenge the determination of responsible person liability under § 6672, but rather objects, procedurally, to the assessment of the taxes against him. As a remedy, the Plaintiff seeks an abatement and refund of the penalty taxes assessed and subsequently collected.

Originally, the Plaintiff filed his complaint in the United States District Court for the Western District of Michigan. The complaint includes a demand for a jury trial.

While discovery was pending, and after submitting his dispositive motion to the district court, the Plaintiff filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on January 6, 1993. Noting the onset of the Plaintiff's bankruptcy, Judge Enslen, *sua sponte*, signed an order on January 19, 1993, transferring this proceeding to the bankruptcy court under W.D. MICH.LOCAL RULE 57.

After a preliminary status conference held on March 2, 1993, the Plaintiff filed a motion with the district court for withdraw-

al of reference. An order was signed denying this motion on April 13, 1993. At a second status conference I advised the parties of the procedural posture of this case in light of the Plaintiff's jury demand, and took the motion for summary judgment under advisement.

At this time there has been no objection to the jurisdiction of this court over the adversary proceeding up until the time of trial, nor has the IRS asserted any claim of sovereign immunity.

Most recently, the Plaintiff brought a motion *in limine* for the exclusion of evidence under FED.R.CIV.P. 37(b), namely, the government's production of official Form 23C reflecting the assessment of the penalty taxes against the Plaintiff. In a prior bench opinion this motion was denied.

The Plaintiff's motion for summary judgment is made pursuant to FED.R.BANKR.P. 7056 which incorporates Fed.R.Civ.P. 56. Summary judgment is appropriate under FED.R.CIV.P. 56(c) when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

> [I]f one party moves for summary judgment and, at the hearing, it is made to appear from all the records, files, affidavits and documents presented that there is no genuine dispute respecting a material fact essential to the proof of movant's case and that the case cannot be proved if a trial should be held, the court may *sua sponte* grant summary judgment to the non-moving party.

*Cool Fuel Inc. v. Connett,* 685 F.2d 309, 311 (9th Cir.1982).

The Plaintiff asserts the following three arguments against the validity of the government's assessment of § 6672 tax liability:

1. Proper notice and demand for payment was not sent as provided in § 6303;
2. The assessment was not made within the limitation period prescribed by law;
3. The procedure followed by the IRS violated its own internal requirements.

■ Sections 3102 and 3402 of the Internal Revenue Code require employers to withhold social security and income taxes imposed on employees from the employees' wages. *Fernandez v. United States (In re Fernandez),* 130 B.R. 757, 761 (Bankr. W.D.Mich.1991). The withheld taxes are held in trust for the benefit of the United States. *Slodov v. United States,* 436 U.S. 238, 243, 98 S.Ct. 1778, 1783, 56 L.Ed.2d 251 (1978). "Section 6672 provides that when a ... person charged with collecting, accounting for and paying over withholding taxes, 'willfully' fails to do so, he is liable for a penalty equal to the amount of the unpaid taxes." *Cline v. United States,* 997 F.2d 191, 194 (6th Cir.1993). Although referred to as a penalty, the statutory liability imposed by § 6672 is civil in nature and reflects personal liability assessed and collected in the same manner as other taxes. 26 U.S.C. § 6671; *Collins v. United States,* 848 F.2d 740, 742 (6th Cir.1988).

■ A tax assessed under § 6672 is presumptively valid and the burden is on the taxpayer to prove its invalidity by a preponderance of the evidence. *Collins,* 848 F.2d at 742; *Henry Vlietstra Plastering & Acoustical Co. v. I.R.S.,* 401 F.Supp. 829, 832 (W.D.Mich.1975). The presumption disappears upon the introduction of evidence sufficient to overcome it. *Id.*

Section 6203 of the Internal Revenue Code provides that assessment shall be made by recording the liability of the taxpayer in accordance with rules or regulations promulgated by the Secretary. Pertinent treasury regulations provide that assessment shall be made by an officer signing the summary record of assessment. 26 C.F.R. § 301.6203–1 (1993). This summary record is the document known as Form 23C. *Geiselman v. United States,* 961 F.2d 1, 5 (1st Cir.1992), *cert. den.* — U.S. ——, 113 S.Ct. 261, 121 L.Ed.2d 191 (1992). The summary record, through supporting documents, shall provide: (1) the identity of the taxpayer; (2) the character of the liability assessed; (3) the taxable period, if applicable; and (4) the amount of the assessment. 26 C.F.R. § 301.6203–1 (1993); *Planned Investments, Inc. v. United States,* 881 F.2d 340, 343 (6th Cir.1989).

The date of the assessment is the date the summary record is signed.

Section 6303 provides that the Secretary shall, as soon as practicable and within 60 days after making an assessment, send a notice and demand for payment to the individual liable for the unpaid tax. Such notice shall be left at the dwelling or usual place of business of such person, or shall be mailed to such person's last known address. "A taxpayer's last known address is that on his most recent return, unless the taxpayer communicates to the IRS 'clear and concise' notice of a change in address." *United States v. Zolla,* 724 F.2d 808, 810 (9th Cir.1984), *cert. den.* 469 U.S. 830, 105 S.Ct. 116, 83 L.Ed.2d 59 (1984).

Generally courts are liberal in finding that an assessment has been properly made and technical defects are ignored in the absence of prejudice. *Planned Investments,* 881 F.2d at 344.

■ Even if the IRS fails to comply with the requirements of § 6303, the assessment itself is not invalidated and the government is free to collect the full amount by instituting a civil action against the taxpayer. The IRS is precluded, however, from proceeding administratively to collect the assessment. *United States v. Berman,* 825 F.2d 1053 (6th Cir.1987); *United States v. Chila,* 871 F.2d 1015 (11th Cir.1989), *cert. den.* 493 U.S. 975, 110 S.Ct. 498, 107 L.Ed.2d 501 (1989).

■ In complying with the notice requirements of § 6303, the notice sent by the IRS must, at a minimum, contain a statement of the amount of the penalty and a demand for payment. *Planned Investments,* 881 F.2d at 344.

■ In his complaint, the Plaintiff first argues that the IRS failed to properly assess the penalty tax against him within the sixty day period as required under § 6303.

In support the Plaintiff raises several arguments. To begin with, the Plaintiff attacks the validity of the certificate of assessment produced by the IRS based on its lack of document locator numbers, and the entry, out of sequence, of the date notice and demand was made. On evidentiary grounds, the Plaintiff contends that the certificate lacks a sufficient foundation and constitutes hearsay failing to qualify for the exception under FED.R.EVID. 803(6). Finally, the Plaintiff contends that he failed to receive any notice and demand letter and the IRS has been unable to produce a copy of one.

■ In response, the IRS argues correctly that it need not produce the original Form 23C in order to prove that an assessment has been validly made and noticed. Nor must the IRS produce an original demand letter. A certificate of assessment establishes presumptive proof of the assessment and that notice and demand has been made. *Gentry v. United States,* 962 F.2d 555 (6th Cir.1992); *Geiselman,* 961 F.2d at 6; *United States v. McCallum,* 970 F.2d 66, 71 (5th Cir.1992).

As to the Plaintiff's argument that a demand letter was never received, a recent case decided in this district held that actual receipt is not necessary to comply with the requirements of § 6303. It is sufficient that the notice be sent to the taxpayer's last known address. *Parker v. United States,* No. 4:92–CV–28, 1993 WL 300184, at * 4 (W.D.Mich. May 10, 1993).

The Plaintiff objects to the veracity of the certificate of assessment, but neither the lack of a document locator number nor the entry of the notice date out of sequence sufficiently rebut the presumption of validity. Additionally, the IRS no longer relies solely on the certificate but has also produced the Form 23C. Both the certificate of assessment and the form 23C establish that the assessment was properly made against the Plaintiff on September 3, 1986.

■ As to any evidentiary objection, I find the documents would meet the hearsay exception under FED.R.EVID. 803(6) and are sufficiently reliable.

Accordingly, I now conclude that the penalty tax was properly assessed against the Plaintiff. In so far as the motion for summary judgment seeks to rebut the actual assessment it is denied and judgment is granted in favor of the United States.

■ But inquiry into the notice sent by the IRS as it concerns the assessment does not end here. One of the Plaintiff's notice arguments requires discussion in more detail. Attached to his brief the Plaintiff has included his own affidavit and exhibits purporting to show that notice and demand of the assessment was not properly mailed to his last known address. Rather, notice was mailed improperly to the business address of Pennaco Resources.

As I noted in the discussion of the law, lack of proper notice and demand does not void the assessment entirely, but rather, prevents the IRS from utilizing administrative collection efforts. *Blackston v. United States*, 778 F.Supp. 244 (D.Maryland 1991). Additionally, the Plaintiff argues correctly, that interest on an assessed penalty does not begin to run until notice and demand is made. 26 U.S.C. § 6601(e)(3); 26 C.F.R. § 301.6601–1(f)(3) (1993).

Examining the pleadings and exhibits submitted by the parties, there is at least a disputed material factual issue as to whether notice was sent to the Plaintiff's last known address. Ordinarily, I would deny summary judgment on this issue.

The IRS, however, admits this point stating in their response, "[t]he United States concedes that although a notice and demand for payment was made on September 3, 1986, it was probably not made to the Plaintiff's last known address." (United States Response of 11/23/92 at 2). Further, in the concluding paragraph, the IRS provides that notice and demand was not made until a later letter was sent to the Plaintiff on January 25, 1990. (*Id.* at 9). Finally, in response to the Plaintiff's request for admissions, the IRS avers that notice and demand was first made on January 25, 1990. (United States Response to Debtor's requests for Admissions 33 at 11).

Taken together, there appears to be no dispute that notice and demand was not made until January 25, 1990, at the earliest.

■ The Plaintiff goes on to object to the letter arguing against its sufficiency, but I do not find much weight in the protestations. The letter evidences a clear intent to levy and states the amount then owed on the assessment. Although the document does not refer to both quarters for which the assessment was made, that does not affect its sufficiency as it does at least alert the Plaintiff of the penalty assessment and its time period. Taken as a whole, I conclude that the letter dated January 25, 1990 constitutes a proper notice and demand for payment in conformance with the holdings of this circuit. *See, e.g., Planned Investments*, 881 F.2d at 343–345.

With notice and demand not made until this later date, the Plaintiff's motion for summary judgment should be granted in seeking an abatement of interest. But, a factual hearing will have to be held to determine the amount of interest which improperly accrued during this period. Further, examination will need to be made into whether the collection efforts of the IRS were valid.

Turning to the remaining arguments of the Plaintiff, first is the contention that the assessment was made outside the three year limitations period imposed by 26 U.S.C. § 6501(a). Both parties agree that this period started running on April 15, 1984 in accordance with § 6501(b)(2).

Based on my earlier holding that Form 23C and the certificate of assessment conclusively establish the date of assessment as September 3, 1986, the United States is not barred by the statute of limitations. The averments made do not rebut the presumptive proof of the attested documents before me. The Plaintiff's motion for summary judgment is denied as to this claim and granted in favor of the Defendant.

■ Finally, the Plaintiff argues for abatement and refund based on the IRS' failure to follow its own internal procedures in making the assessment.

Revenue Procedure Rule 84–78 sets forth updated procedures for 100% penalty assessments under § 6672 of the Internal Revenue Code. This procedural rule states that:

[w]hen, at the conclusion of an investigation to determine whether liability for the

100–percent penalty has been incurred, assessment of the penalty is proposed, the taxpayer will be so informed by notice from the District Collection Division and will be given an opportunity to execute an agreement form.

The Plaintiff contends that he was never given notice of the proposed assessment nor was he afforded an opportunity to enter into an agreement. As a result of this neglect, the Plaintiff asks for the assessment to be invalidated. In support, the Plaintiff relies on case law stressing an agency's obligation to follow its own procedural rules. *Scott v. Heckler,* 768 F.2d 172, 179 (7th Cir.1985).

In response, the IRS relies on a Sixth Circuit case observing that circuit's have consistently held that the Internal Revenue's Statement of Procedural Rules and Revenue Procedures are directory and not mandatory. *Estate of Jones v. Comm'r of Internal Revenue,* 795 F.2d 566, 571 (6th Cir.1986).

As a matter of law, it appears the IRS' argument is correct. Revenue Procedure 84–78 is more properly viewed as directory. Further, as already discussed, it is evident that notice was mailed to the Plaintiff, it was just sent to an outdated address. Accordingly, the Plaintiff's motion for summary judgment is denied as to this claim.

To conclude, the motion for summary judgment is denied as it seeks to invalidate the assessment entirely, but granted in so far as it seeks an abatement of interest. Trial will proceed on the remaining issues.