

value of real estate, belonging to a decedent resident within the United States at the time of his death, located outside of the United States, meaning thereby the States, Territories of Alaska and Hawaii, and the District of Columbia, should not be included in determining the value of the gross estate of such decedent for the purposes of the tax imposed by Title II of the revenue act of September 8, 1916." The same limiting thought was incorporated in the subsequent taxing act of 1934, where section 404 (26 U.S.C.A. § 411) specifically excepts real property situated outside the United States from inclusion in a decedent's gross estate.

The "hypotecas" in question are, describing them rather freely, mortgages without accompanying bond and without a personal debt obligation on the part of the mortgagor. They are classified by Cuban law as "immovables," which term is substantially equivalent to our term "real property." As real property situated outside the United States the value of the hypotecas should have been excluded from the decedent's gross estate and exempted from the transfer inheritance tax.

The decision of the Board of Tax Appeals is reversed.

L. S. Carrington, of Ancon, Canal Zone, for appellant.

Carlos Icaza A., of Panama, R. P., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

PER CURIAM.

This is an appeal to review a judgment of the United States District Court for the Canal Zone overruling a demurrer to the jurisdiction of the court in a suit wherein plaintiffs were seeking to recover possession of some 400 mahogany logs, alleged to be worth $1,000 and for damages in the sum of $500. Plaintiffs move to dismiss the appeal. Our jurisdiction to review judgments of the United States District Court for the Canal Zone is restrictive to final judgments in cases of this kind. Section 128, Jud.Code, as amended, 28 U.S.C.A. § 225.

The appeal is dismissed.

**RODRIGUEZ v. AROSEMENA et al.**
No. 8320.

Circuit Court of Appeals, Fifth Circuit.
July 21, 1937.

24 C.C.P.A.(Patents)
**In re FISCHER.**
Patent Appeal No. 3802.

Court of Customs and Patent Appeals.
June 21, 1937.

