## DECKERT ET AL. *v.* INDEPENDENCE SHARES CORP. ET AL.*

No. 17.   Argued October 18, 1940.—Decided December 9, 1940.

---

*Together with No. 18, *Deckert et al.* v. *Pennsylvania Company for Insurances on Lives and Granting Annuities,* also on writ of certiorari, 309 U. S. 648, to the Circuit Court of Appeals for the Third Circuit.

*Mr. Harry Shapiro* for petitioners.

*Mr. Robert F. Irwin, Jr.,* with whom *Mr. George M. Kelvin* was on the brief, for respondents in No. 17.

*Mr. Walter Biddle Saul,* with whom *Mr. Francis H. Bohlen, Jr.,* was on the brief, for respondent in No. 18.

MR. JUSTICE MURPHY delivered the opinion of the Court.

Two important questions are presented by these petitions. The first is whether the Securities Act of 1933 (48 Stat. 74) authorizes purchasers of securities to maintain a suit in equity to rescind a fraudulent sale and secure restitution of the consideration paid, and to enforce the right to restitution against a third party where the vendor is insolvent and the third party has assets in its possession belonging to the vendor. The second question is whether such purchasers must show that the amount in controversy exceeds $3,000 exclusive of interest and costs as required by § 24 of the Judicial Code as amended (28 U. S. C. § 41).

Petitioners, with one exception residents of Pennsylvania, are owners and holders of Capital Savings Plan Contract Certificates purchased from Capital Savings Plan, Inc., since merged with and now Independence Shares Corporation, a Pennsylvania corporation. These certificates required the holders to make certain installment payments to The Pennsylvania Company for Insurances on Lives and Granting Annuities, also a Pennsylvania corporation.[1] Pennsylvania, after deducting

---

[1] For convenience the three corporations just named will be referred to as Capital, Independence, and Pennsylvania.

certain fixed charges, used the balance of these installment payments to purchase Independence Trust Shares for the benefit of the certificate holders. Independence Trust Shares, issued by Pennsylvania, represented interests in a trust of common stocks of 42 American corporations deposited by Independence with Pennsylvania. Pursuant to trust agreement and indenture between Pennsylvania and Independence, Pennsylvania collected dividends and profits from the stocks and administered the trust.

Petitioners brought this suit in the District Court for the Eastern District of Pennsylvania against Pennsylvania, Independence, two affiliated companies, and certain officers and directors of Independence whose residence does not appear. The action against the affiliated companies has been dismissed.

The bill alleges that Independence and its predecessor Capital were guilty of fraudulent misrepresentations and concealments in their sale and advertisement of contract certificates to petitioners and others similarly situated in violation of the Securities Act of 1933. It alleges that Independence is insolvent and threatened with many law suits, that its business is virtually at a standstill because of unfavorable publicity, that preferences to creditors are probable, and that its assets are in danger of dissipation and depletion. Petitioners therefore pray the appointment of a receiver for Independence with power to collect and take possession of the assets of Independence and the trust assets held by Pennsylvania, liquidate the assets, determine the claims of petitioners and other certificate holders and pay them, and wind up and dissolve the corporations. They also seek relief incidental to the above and an injunction restraining Pennsylvania from transferring or disposing of any of the assets of the corporations or of the trust. There is the usual prayer for general relief.

None of the original petitioners' claims exceeds $3,000 and respondents contend that the aggregate of all of them will not exceed $3,000. It is conceded that the assets sought to be reached are greatly in excess of $3,000.

Respondents answered the bill and thereafter moved to dismiss it. The motions were heard with petitioners' motions for a temporary injunction and the addition of two plaintiffs. The trial judge denied the motions to dismiss, approved the addition of two plaintiffs, but reserved decision on the application for a receiver. He directed the appointment of a master to take testimony and file a report on the question of the insolvency of Independence, and enjoined Pennsylvania from transferring or otherwise disposing of the sum of $38,258.85 representing certain charges, income, and proceeds received in administration of the trust. 27 F. Supp. 763.

Pennsylvania, Independence, and the individual defendants appealed from these orders. The Circuit Court of Appeals did not expressly consider whether the appeals were premature. It thought that the Securities Act did not authorize a bill seeking equitable relief against a third party which has assets belonging to the vendor, and, therefore, that Pennsylvania was not a proper party to the suit since no cause of action under the Securities Act was stated against it. It reversed all of the orders appealed from and remanded the cause with directions to allow petitioners to amend their complaint to state a claim for a money judgment at law against Independence only. 108 F. 2d 51. We granted certiorari because of the importance of the questions presented. 309 U. S. 648.

We believe that the appeals from the order granting the temporary injunction were not premature. It is true that § 128 of the Judicial Code (28 U. S. C. § 225) authorizes circuit courts of appeals to review only final decisions. But § 129 of the Judicial Code (28 U. S. C. § 227)

expressly excepts from the general rule certain interlocutory orders and decrees. It provides in part: "Where, upon a hearing in a district court . . . an injunction is granted . . . by an interlocutory order or decree . . . an appeal may be taken from such interlocutory order or decree to the circuit court of appeals. . . ." Thus by the plain words of § 129 the Circuit Court of Appeals was authorized to consider the appeals from the temporary injunction. Compare *Enelow* v. *New York Life Insurance Co.*, 293 U. S. 379; *Shanferoke Coal & Supply Corp.* v. *Westchester Service Corp.*, 293 U. S. 449.

However, this power is not limited to mere consideration of, and action upon, the order appealed from. "If insuperable objection to maintaining the bill clearly appears, it may be dismissed and the litigation terminated." *Meccano, Ltd.* v. *Wanamaker*, 253 U. S. 136, 141. See also *Eagle Glass & Mfg. Co.* v. *Rowe*, 245 U. S. 275; *Metropolitan Water Co.* v. *Kaw Valley Drainage District*, 223 U. S. 519; *Mast, Foos & Co.* v. *Stover Mfg. Co.*, 177 U. S. 485; *Smith* v. *Vulcan Iron Works*, 165 U. S. 518. Accordingly, the Circuit Court of Appeals properly examined the interlocutory order denying the motions to dismiss, although generally it could consider such an order only on appeal from a final decision. *Reed* v. *Lehman*, 91 F. 2d 919; *Miller* v. *Pyrites Co.*, 71 F. 2d 804. Compare *Gillespie* v. *Schram*, 108 F. 2d 39; *Rodriguez* v. *Arosemena*, 91 F. 2d 219; *Kneberg* v. *Green Co.*, 89 F. 2d 100; *Satterlee* v. *Harris*, 60 F. 2d 490.

Respondents' motions sought to dismiss the bill because it failed to state any cause of action and because the District Court lacked jurisdiction. We hold that these motions were correctly denied.

We think the Securities Act does not restrict purchasers seeking relief under its provisions to a money judgment. On the contrary, the Act as a whole indicates an intention to establish a statutory right which the litigant may en-

force in designated courts by such legal or equitable actions or procedures as would normally be available to him. Undoubtedly any suit to establish the civil liability imposed by the Act must ultimately seek recovery of the consideration paid less income received or damages if the claimant no longer owns the security. § 12 (2); 15 U. S. C. § 77 (l) (2). But § 12 (2) states the legal consequences of conduct proscribed by the Act; it does not purport to state the form of action or procedure the claimant is to employ.

Moreover, in § 22 (a) (15 U. S. C., § 77v) specified courts are given jurisdiction "of all suits in equity and actions at law brought *to enforce* any liability or duty created by this subchapter."[2] The power *to enforce* implies the power to make effective the right of recovery afforded by the Act. And the power to make the right of recovery effective implies the power to utilize any of the procedures or actions normally available to the litigant according to the exigencies of the particular case. If petitioners' bill states a cause of action when tested by the customary rules governing suits of such character, the Securities Act authorizes maintenance of the suit, providing the bill contains the allegations the Act requires. That it does not authorize the bill in so many words is no more significant than the fact that it does not in terms authorize execution to issue on a judgment recovered under § 12 (2).

We are of opinion that the bill states a cause for equitable relief. There are allegations that Independence is insolvent, that its business is practically halted, that it is threatened with many law suits, that its assets are endangered, and that preferences to creditors are probable. There are prayers for an accounting, appointment of a receiver, an injunction *pendente lite,* and for return of petitioners' payments. Other allegations show that

---

[2] Emphasis added.

although petitioners dealt with Independence their installments were paid to Pennsylvania and that the complicated arrangement between Pennsylvania and Independence might make it extremely difficult to obtain satisfaction of any claim established against Independence.

The principal objects of the suit are rescission of the Savings Plan contracts and restitution of the consideration paid, including recovery of the balance, held by Pennsylvania for account of Independence, which consisted in part of the payments alleged to have been procured by the fraud of Independence. That a suit to rescind a contract induced by fraud and to recover the consideration paid may be maintained in equity, at least where there are circumstances making the legal remedy inadequate, is well established. *Tyler* v. *Savage,* 143 U. S. 79; *Montgomery* v. *Bucyrus Machine Works,* 92 U. S. 257; *Boyce's Executors* v. *Grundy,* 3 Pet. 210. See Black, Rescission and Cancellation, 2d edition, § 643, *et seq.;* Williston, Contracts, 3d edition, § 1525, *et seq.;* Pomeroy, Equity Jurisprudence, 4th edition, §§ 881, 1092.[3]

It is enough at this time to determine that the bill contains allegations which, if proved, entitle petitioners to some equitable relief. Whether or not they sufficiently allege or prove their right to all of the relief prayed in the bill we do not decide because the question is not before us. Hence, if the District Court had jurisdiction it was proper to consider whether injunctive relief should be given in aid of the recovery sought by the bill.

We agree with the courts below that the Securities Act confers jurisdiction of the suit upon the District Court irrespective of the amount in controversy or the citizenship of the parties. Section 22 (a) provides in part:

---

[3] In *Falk* v. *Hoffman,* 233 N. Y. 199, 202; 135 N. E. 243, 244, Judge Cardozo said: "Equity will not be over-nice in balancing the efficacy of one remedy against the efficacy of another when action will baffle, and inaction may confirm, the purpose of the wrongdoer."

"The district courts of the United States . . . shall have jurisdiction . . . of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter." This is plainly a suit to enforce a liability or duty created by the Act. That the District Court therefore has jurisdiction is evident from the provision quoted. Accordingly, the only remaining question is whether the injunction was proper.

We hold that the injunction was a reasonable measure to preserve the status quo pending final determination of the questions raised by the bill. "It is well settled that the granting of a temporary injunction, pending final hearing, is within the sound discretion of the trial court; and that, upon appeal, an order granting such an injunction will not be disturbed unless contrary to some rule of equity, or the result of improvident exercise of judicial discretion." *Prendergast* v. *New York Telephone Co.*, 262 U. S. 43, 50–51; *Meccano, Ltd.* v. *Wanamaker*, 253 U. S. 136, 141. As already stated, there were allegations that Independence was insolvent and its assets in danger of dissipation or depletion. This being so, the legal remedy against Independence, without recourse to the fund in the hands of Pennsylvania, would be inadequate. The injunction was framed narrowly to restrain only the transfer of $38,258.85, and the trial judge required petitioners to furnish security for any losses respondents might suffer. In view of this we cannot say that the trial judge abused his discretion in granting the temporary injunction.

We conclude that the orders granting the temporary injunction and denying the motions to dismiss were correct and should have been sustained. The orders allowing the addition of two plaintiffs and referring the issue of insolvency to a master were interlocutory and

not appealable (28 U. S. C. § 225),[4] and should have been reversed only if petitioners were not entitled to any equitable relief. See *Meccano, Ltd.* v. *Wanamaker,* 253 U. S. 136; *Smith* v. *Vulcan Iron Works,* 165 U. S. 518. The Circuit Court of Appeals properly did not consider them on the merits, and if ultimately there is an appeal from a final decree the correctness of these orders may be examined.

The decision of the Circuit Court of Appeals is reversed and the cause is remanded for further proceedings in conformity with this opinion.

*Reversed.*

MR. JUSTICE DOUGLAS did not participate in the consideration or decision of this case.

---

[4] An order allowing the addition of plaintiffs is interlocutory and not appealable: *Central California Canneries Co.* v. *Dunkley Co.,* 282 F. 406, 410. See *Oneida Navigation Corp.* v. *W. & S. Job & Co.,* 252 U. S. 521; Cyclopedia of Federal Procedure, Vol. 5, § 2608.

An order of reference to a master is generally interlocutory and not appealable, at least if not for a mere ministerial purpose: *George* v. *Victor Talking Machine Co.,* 293 U. S. 377. See *Latta* v. *Kilbourn,* 150 U. S. 524; *McGourkey* v. *Toledo & Ohio Central Ry. Co.,* 146 U. S. 536; *Hill* v. *Chicago & Evanston R. Co.,* 140 U. S. 52; *Beebe* v. *Russell,* 19 How. 283; *Craighead* v. *Wilson,* 18 How. 199; *Forgay* v. *Conrad,* 6 How. 201; Cyclopedia of Federal Procedure. Vol. 5, § 2618.