## VICTRYLITE CANDLE CO. v. BRANNAN, Secretary of Agriculture, et al.
### No. 11552.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 5, 1952.

Decided Dec. 22, 1952.

Mr. Edward Brodkey, Chicago, Ill., pro hac vice, by special leave of Court, with whom Mr. Albert Brick, Washington, D. C., was on the brief, for appellant.

Mr. Vincent A. Kleinfeld, Attorney, Department of Justice, pro hac vice, by special leave of Court, with whom Asst. Atty. Gen. Charles B. Murray and Mr. Joseph M. Howard, Asst. U. S. Atty., were on the brief, for appellees. Messrs. Charles M. Irelan, U. S. Atty., and William J. Peck, Asst. U. S. Atty., also entered appearances for appellees.

Before PROCTOR, FAHY and WASHINGTON, Circuit Judges.

FAHY, Circuit Judge.

The appeal brings before us an order of the District Court denying a motion of appellant, plaintiff in that court, for a preliminary injunction. Our jurisdiction attaches under 28 U.S.C. § 1292 (Supp.V, 1952). Appellant makes and sells in interstate commerce candles known as "Moskee-to-Lites with an effective mosquito repellant." It sought to restrain multiple seizures of its product by enjoining prosecution or institution of any libel action other than one previously initiated in Illinois. Appellant advertises the candles as possessing mosquito repellant qualities, and the candles themselves and the cartons in which they are shipped are so labeled. Seizures and proceedings consequent thereupon were undertaken because the Government officials considered the product to be misbranded in that it did not possess the repellant qualities claimed for it.

In connection with the motion for a preliminary injunction the District Court found, with adequate support in an affidavit filed on behalf of appellees, that in June, 1952, two libel actions had been instituted in the United States District Court for the Northern District of Illinois, Eastern Division, under the seizure provisions, Section 9 of the Federal Insecticide, Fungicide, and Rodenticide Act, 61 Stat. 170, 1947, 7 U.S.C. § 135g (Supp.V, 1952), 7

U.S.C.A. § 135g, on the ground the product was misbranded; and that when the first of these actions was scheduled for trial the Government was ready but a continuance was granted at appellant's request from June 23, 1952, "until the fall." Another seizure and libel action in the United States District Court for the District of Columbia followed. No other proceedings due to the alleged misbranding have been initiated, though the complaint alleges they are contemplated and that appellees have taken steps in that direction.

We find no basis for reversing the order of the District Court denying the preliminary injunction. Section 9 of the Act provides, *inter alia,* that "any economic poison or device [1] that is being transported" interstate "shall be liable to be proceeded against in any district court of the United States in the district where it is found and seized for confiscation by a process of libel for condemnation" in case "it is adulterated or misbranded". In such proceedings the party whose product is seized may obtain judicial determination of the issue of misbranding and of the validity of the seizure. The affidavit filed below, which set forth the course taken by the Government preceding the seizures, including tests made of the candles and full advice to appellant of the officials' conclusions the product was misbranded, leaves no doubt of the good faith of the officials.

 The statute does not prescribe that only one seizure is permissible. It cannot be said, therefore, that the statute has been or is being violated by appellees. And the Supreme Court has held that more than one seizure, under statutes of similar character, are not in and of themselves a deprivation of due process. Ewing v. Mytinger & Casselberry, 1950, 339 U.S. 594, 70 S.Ct. 870, 94 L.Ed. 1088. So no constitutional right of appellant has been or is being violated. True, as this court held in National Remedy Co. v. Hyde, 1931,

60 App.D.C. 252, 50 F.2d 1066, multiple seizures may be so arbitrarily and destructively engaged in as to amount to a denial of due process, in which event equity may intervene by its injunctive process. But in that case a court of competent jurisdiction had held the questioned product not to be misbranded and for six years thereafter it had been sold in interstate commerce without objection. Condemnation suits were then instituted in more than seven jurisdictions throughout the United States, raising the same issue that had been previously adjudicated. Here, by contrast, what is needed is an adjudication on the question of misbranding. This can be obtained through the seizure and libel procedure. An effort to that end not having succeeded in Illinois, the Government made a seizure in this jurisdiction. This is not arbitrary or oppressive.

We find no abuse of discretion by the District Court in refusing the injunction sought by appellant. Clearly, so long as appellees' actions are devoted, as they appear now to be, to a reasonable effort to protect the public interest as represented by the statute, including the obtaining of a decision on the misbranding question, appellant is not entitled to injunctive relief.

We will not, however, as moved by the appellees, dismiss the bill of complaint, though we have jurisdiction to do so notwithstanding the motion to that end is made in this court. North Carolina R. R. v. Story, 1925, 268 U.S. 288, 45 S.Ct. 531, 69 L.Ed. 959. See, also, Deckert v. Independence Corp., 1940, 311 U.S. 282, 287, 61 S.Ct. 229, 85 L.Ed. 189; Pang-Tsu Mow v. Republic of China, 1952, 91 U.S.App.D.C. ——, 201 F.2d 195. In the circumstances here we think any action on such a motion should be left in the first instance to the District Court. Compare Ewing v. Mytinger & Casselberry, supra, 339 U.S. at pages 599–601, 70 S.Ct. at pages 872–874.

Affirmed.

---

1. An economic poison "means any substance or mixture of substances intended for preventing, destroying, repelling, or mitigating any insects, rodents, fungi, weeds, and other forms of plant or animal life or viruses, except viruses on or in living man or other animals, which the Secretary shall declare to be a pest." 61 Stat. 163, 1947, 7 U.S.C. § 135(a) (Supp. V, 1952), 7 U.S.C.A. § 135(a). No question is raised as to the candle product being an economic poison within this definition.