John R. PFEFFER et al., Plaintiffs,

v.

George M. CRESSATY et al., Defendants.

United States District Court
S. D. New York.

Oct. 9, 1963.

Burke & Burke, New York City, for plaintiffs. Stuart W. Robinson, Jr., New York City, of counsel.

Irwin Klein, New York City, for de-fendants.

McLEAN, District Judge.

Defendants move under Rule 12(b) to dismiss the complaint on the grounds that it fails to state a claim and that this court lacks jurisdiction of the subject matter and of the person of defendants. The action is one to recover damages for alleged fraud in the sale of securities. The complaint alleges in substance that defendant Cressaty, acting on behalf of the other defendants, pursuant to a conspiracy among them, and by use of interstate communication and the mails, sold to plaintiffs certain stock of Inventions Finance Corporation by means of false statements of material facts and omissions to state other material facts. Plaintiffs do not tender back the stock which they purchased nor do they allege that they no longer own it. They seek recovery of an amount claimed to be the difference between the purchase price and the actual value of the stock on the date of purchase. The complaint states that defendants' acts violated Sections 12 and 17 of the Securities Act of 1933 (15 U.S.C. §§ 77l and 77q) and Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j) and regulations of the Securities and Exchange Commission thereunder (Rule 10b–5).

▮ Section 12 of the 1933 Act provides that any person who "offers or sells a security * * * by the use of * * * communication in interstate commerce or of the mails, by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, * * * not misleading * * * and who shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of such untruth or omission, shall be liable to the person purchasing such security from him, who may sue * * * to recover the consideration paid for such security * * * upon the tender of such security, or for damages if he no longer owns the security." It is clear that if the defrauded buyer still owns the security, his only remedy under this section is rescission. He cannot sue for damages unless he has disposed of the stock. See Deckert v. Independence Corp., 311 U.S. 282, 288, 61 S.Ct. 229, 85 L.Ed. 189 (1940).

The present complaint, therefore, by failing to allege that plaintiffs no longer own the stock, fails to state a cause of action for damages under Section 12.

Plaintiffs do not seriously contend otherwise. But they assert that the complaint is nevertheless sufficient because it states a valid claim under Section 17 of the 1933 Act and Section 10(b) of the 1934 Act. Defendants, on the other hand, contend that these sections do not give rise to a private cause of action on behalf of the defrauded buyers.

▮ The question thus raised is no longer an open one. It has consistently been held that a private cause of action may be maintained for a violation of these sections. Osborne v. Mallory, 86 F.Supp. 869 (S.D.N.Y.1949); Thiele v. Shields, 131 F.Supp. 416 (S.D.N.Y. 1955).

▮ The question remains, however, as to whether, granted that such a right of action exists, plaintiffs who have retained the securities may recover damages, or whether they are limited to rescission and recovery of the purchase price, as they would be under Section 12. Although I have found no decision which squarely decides this point, it is my opinion that plaintiffs are not so limited. Section 12 "created a special right to recover for misrepresentation which differs substantially from the common-law action in that the seller is made to assume the burden of proving lack of scienter." (Wilko v. Swan, 346 U.S. 427, 431, 74 S.Ct. 182, 184–185, 98 L.Ed. 168 (1953))

Section 17 does not contain this unusual feature. It merely makes it unlawful for any person in the offer or sale of securities by means of interstate communication or use of the mails, to

employ "any device, scheme, or artifice to defraud," or to obtain money by means of any untrue statement of a material fact or omission to state a material fact.

Similarly, Section 10(b) of the 1934 Act makes it unlawful for any person, by use of the instrumentalities of interstate commerce or the mails, to employ in connection with the sale of a security "any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe." By Rule 10b–5 the Commission has forbidden the making of an untrue statement of a material fact or the omission to state a material fact. Neither Section 17 nor Section 10(b) expressly creates or even refers to a private right of action for its violation and obviously, therefore, neither section creates any special rule as to the burden of proof of scienter or purports to limit the type of relief to which the plaintiff in such an action is entitled.

 Under the authorities the existence of a private right of action is to be implied from the fact that these sections render the conduct unlawful. But there would seem to be no reason further to imply special rules and limitations which the sections do not contain. In an action based on these sections, therefore, a plaintiff would not have the advantage of the unusual rule as to burden of proof created by Section 12, but by the same token, he would not be under the disadvantage of being limited to a suit for rescission if he has not disposed of his stock. See Fischman v. Raytheon Manufacturing Co., 188 F.2d 783 (2d Cir. 1951).

I hold, therefore, that plaintiffs may maintain an action for damages under Section 17 of the 1933 Act and Section 10(b) of the 1934 Act even though they still own the stock. Of course, on this motion we are not concerned with whether or not the particular measure of damages alleged in the complaint is correct. It follows that defendants' motion to dismiss the complaint for failure to state a claim must be denied.

The motion to dismiss for lack of jurisdiction of the subject matter is also denied. Jurisdiction of actions under the 1933 Act is expressly conferred by 15 U.S.C. § 77v and of actions under the 1934 Act by 15 U.S.C. § 78aa.

The moving papers, which consist only of a notice of motion, contain nothing whatever in support of defendants' contention that there is no jurisdiction over the person of defendants. Accordingly, that branch of the motion is also denied.

So ordered.