Submit order.

**Richard C. LOUGH, Plaintiff,**

**v.**

**Winton M. BLOUNT, Postmaster General of the United States Post Office, et al., Defendants.**

**Civ. No. 943.**

United States District Court,
D. Montana,
Billings Division.

July 8, 1971.

Gerald J. Neely, Towe, Neely & Ball, Billings, Mont., for plaintiff.

Eugene A. Lalonde, Asst. U. S. Atty., Billings, Mont. for defendants.

## ORDER

BATTIN, District Judge.

Plaintiff has moved this court for a preliminary injunction. He asks this court to order defendant to reinstate his Star Route contract with the United States Postal Service pending an administrative hearing to determine the validity of defendant's termination of the contract, allegedly for cause. In support of his motion, plaintiff alleges irreparable injury through loss of income, which will cause him to default on payments on an installment contract for purchase of the vehicle used in the delivery of mail. In addition, plaintiff alleges that he does not have sufficient administrative remedies and that as a consequence he will be deprived of his property without due process of law. Plaintiff argues finally that the termination of his contract was done in bad faith by defendant as a part of a conspiracy to prevent plaintiff from holding a position of trust with the Government of the United States.

In opposition to the motion for preliminary injunction, defendant argues that plaintiff's remedy is in an action for damages and not specific performance, that he has failed to pursue completely his administrative remedies, and that his loss is not irreparable since it can be adequately compensated by a monetary award.

██ The granting of a preliminary injunction is within the discretion of the court. Deckert v. Independence Shares Corp., 311 U.S. 282, 290, 61 S.Ct. 229, 85 L.Ed. 189 (1940). Further, this type of relief is not a matter of right, even though the plaintiff may suffer irreparable injury. Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834 (1944). A preliminary injunction is granted if, without such interference by the court, plaintiff will suffer irreparable injury or if it is necessary to preserve the status quo. Deckert, supra.

█ Under the facts of the case at bar, plaintiff will not suffer irreparable injury. Any losses which he may suffer from the action of defendant can be adequately compensated by a monetary award completed through the administrative procedure and subsequent judicial review provided. Consequently, there is no irreparable injury on which to base the injunction. Ogden River Water Users' Ass'n v. Weber Basin Water Conservancy, 238 F.2d 936 (10th Cir. 1956); Madsen v. Chrysler Corp., 261 F.Supp. 488 (N.D.Ill.1966). In Clemons v. Board of Education of Hillsboro, 228 F.2d 853 (6th Cir. 1956), the court in dealing with a petition for a permanent injunction stated:

"Equity will not interfere to restrain the breach of a contract, or the commission of a tort, or the violation of any right, when the legal remedy of compensatory damages would be complete and adequate." Clemons at 857.

While this case deals with a preliminary injunction, the principle stated in Clemons remains applicable.

An analysis of cases in which a preliminary injunction has been used to preserve the status quo reveals that the purpose in preserving the status quo is to protect the available legal remedies of the plaintiff and insure that he will be able to recover from the defendant if he is successful in his action and to protect him from irreparable injury. Deckert, supra, (injunction to prevent defendant from dissipating its corporate assets during the pendency of plaintiff's action); Johnson v. Mansfield Hardwood Lumber Co., 143 F.Supp. 826 (W.D.La.

1956) (injunction to prevent sale of corporate assets during pendency of plaintiff's action). See, also, Missouri-Kansas-Texas R. Co. v. Brotherhood of Ry. & S.S. Clerks, 188 F.2d 302 (7th Cir. 1951); Meiselman v. Paramount Film Distrib. Corp., 180 F.2d 94 (4th Cir. 1950).

As indicated, plaintiff's injury is not irreparable. There is no prospective danger to his right to recover in damages if a preliminary injunction is not issued. Further, the *status quo* to be maintained is not a re-creation of the contract between plaintiff and defendant but rather it is the condition which exists at present. Plaintiff seeks a change of that status.

Moreover, in Barnes v. City of Gadsden, 174 F.Supp. 64, 68 (N.D.Ala.1958), the court held that "the action of a governmental agency acting in its authority will not be controlled or revised by injunction." Plaintiff in his complaint admits that the agents of defendant were acting within the scope of their authority.

Plaintiff's claims that he is being denied due process and that he is being prevented from performing his duties as an agent of the Government of the United States by a conspiracy of the agents of defendant are not ripe for determination. Plaintiff has not exhausted his administrative remedies through which his claims may be honored. If the claims are not honored in that procedure, plaintiff has the right to judicial review of the agency action, in order to have a court test the constitutionality of the agency action and determine his rights under 42 U.S.C.A., § 1985. See Aircraft and Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 67 S.Ct. 1493, 91 L. Ed. 1796 (1947).

Based on the findings of fact and conclusions of law by this court, as set forth above,

It is ordered and adjudged that plaintiff's motion for preliminary injunction be denied and the action be dismissed.