**FLEET NATIONAL BANK and Fleet Credit Corporation, Plaintiffs,**

v.

**RAPID PROCESSING COMPANY, INC., Sharnet Corporation, Bartex Industries Corp. and Michael K. Torf, Defendants,**

and

**Family Mutual Savings Bank and Shawmut Bank of Boston, N.A., Trustees.**

Civ. A. No. 86–2602–C.

United States District Court,
D. Massachusetts.

Sept. 18, 1986.

Joseph F. Ryan, James E. McGuire, Steven B. Levine, Thomas M. Sobol, Brown, Rudnick, Freed & Gesmer, Boston, Mass., for plaintiffs.

Barry Portnoy, Sullivan & Worcester, Boston, Mass., Patrick P. Dinardo, for defendants.

## MEMORANDUM

CAFFREY, Chief Judge.

This matter is before the Court on plaintiffs' motion for preliminary injunction. Plaintiffs Fleet National Bank ("Fleet") and Fleet Credit Corporation ("Fleet Credit") seek to enjoin defendants Rapid Processing Company, Inc. ("Rapid"), Sharnet Corporation ("Sharnet"), Bartex Industries Corp. ("Bartex"), and Michael A. Torf ("Torf") from disposing of or otherwise alienating any of the assets in which plaintiffs have an interest or from otherwise interfering with plaintiffs' rights with respect to such property. Plaintiff Fleet loaned approximately $3,300,000 to Rapid and Sharnet. Plaintiffs claim that defendants are now in default under the original loan agreement as well as under a subsequent "Standstill Agreement."

Under the law established in the First Circuit, plaintiffs must satisfy four criteria in order to be entitled to a preliminary injunction. The Court must find: (1) that plaintiff will suffer irreparable injury if the injunction is not granted; (2) that such injury outweighs any harm which granting injunctive relief would inflict on the defendant; (3) that plaintiff has exhibited a likelihood of success on the merits; and (4) that the public interest will not be adversely affected by the granting of the injunction. *Planned Parenthood League of Massachusetts v. Bellotti,* 641 F.2d 1006, 1009 (1st Cir.1981).

In general, harm which can be adequately compensated with money damages is not considered to be irreparable. *Interco, Inc. v. First National Bank of Boston,* 560 F.2d 480, 485 (1st Cir.1977); *Itek Corp. v. First National Bank of Boston,* 730 F.2d 19, 22 (1st Cir.1984). Where an action for damages would be inadequate because the defendant is insolvent or its assets are in danger of depletion and dissipation, however, a preliminary injunction may be appropriate. *Teradyne, Inc. v. Mostek Corp.,* 797 F.2d 43, 52 (1st Cir.1986). The court in *Teradyne* noted that the United States Supreme Court in *Deckert v. Independence Shares Corporation,* 311 U.S. 282, 61 S.Ct. 229, 85 L.Ed. 189 (1940) held that a preliminary injunction, designed to freeze the status quo and protect the damages remedy, is an appropriate form of relief when it is shown that the defendant is likely to be insolvent at the time of judgment. *Teradyne,* 797 F.2d at 52. Thus, a preliminary injunction may be granted when it is necessary to protect the damages remedy. *Teradyne,* at 53.

In this case, plaintiffs claim that Rapid and Sharnet are insolvent and their assets in danger of dissipation. In the last few months, Rapid has suffered a series of business losses. Although Paul D. Sandler, Treasurer and Vice President in charge of financial affairs of defendants Rapid and Sharnet, states in his affidavit that August 1986 was a profitable month for Rapid and Sharnet, he also admits that in June and July of 1986 the companies' business fell off. Since part of Fleet's collateral consists of inventory and receivables, the defendants' operating losses have resulted in a decline in the value of Fleet's collateral position. Plaintiffs' memorandum in support of a preliminary injunction and the affidavit of Paul Sandler sharply disagree on the financial status of Rapid and Sharnet and whether their debts to plaintiffs are adequately secured. Nevertheless, this Court is satisfied that the assets of Rapid and Sharnet are in danger of depletion, dissipation, and disappearance; consequently, a preliminary injunction is necessary to protect a damages remedy.

As to the next criteria in determining whether plaintiffs are entitled to a preliminary injunction, plaintiffs have established that injury to the plaintiffs if the injunction is not granted outweighs any harm which granting injunctive relief would inflict on the defendants. Injunctive relief will preserve the parties' current rights as they now exist under state law and the applicable loan agreements. Furthermore, plaintiffs point out that their subsequent conduct in exercising their rights as a secured party will be governed by applicable provisions of the Uniform Commercial Code requiring adherence to reasonable care and commercially reasonable standards. Mass.Gen.Laws c. 106, §§ 9–207; 9–504. For the same reasons, plaintiffs have shown that the public interest will not be adversely affected by the granting of the injunction.

The plaintiffs have exhibited a likelihood of success on the merits. The defendants Rapid and Sharnet are indebted to plaintiff Fleet for approximately $3,300,-000. In June 1985 the plaintiffs notified the defendants that they were in default on their loans. As a result of subsequent negotiations between the parties, Fleet, Rapid, and Sharnet entered into a "Standstill Agreement" on December 11, 1985. Under that agreement, Fleet agreed not to bring an action against Rapid and Sharnet or foreclose upon its security interest until the end of a specified "standstill period" or in event of default under the Standstill Agreement. Plaintiffs now maintain that defendants have also defaulted on the Standstill Agreement, and thus plaintiffs have brought suit to recover on the loans.

This Court is persuaded that plaintiffs have demonstrated a sufficient likelihood of success in establishing that defendants have defaulted on the original loan agreements as well as on the Standstill Agreement. Plaintiffs are thus likely to succeed on the merits of their action to recover their loans to Rapid and Sharnet of approximately $3,300,000.

For the foregoing reasons, an order shall enter granting the motion by plaintiffs Fleet and Fleet Credit for a preliminary injunction.

Order accordingly.

### ORDER

In accordance with memorandum filed this date, it is ORDERED:

That defendants Rapid Processing Company, Inc. ("Rapid"), Sharnet Corporation ("Sharnet"), Bartex Industries, Corp. and Michael A. Torf and their agents, assigns and attorneys, be enjoined from selling, removing, assigning, concealing, transferring, encumbering or otherwise disposing or alienating all or any part of any assets in which Fleet National Bank or Fleet Credit Corporation has a security or any other interest, or which have been pledged to Fleet National Bank or Fleet Credit Corporation as security for Rapid's and Sharnet's obligations.