876 F.2d 14
 In re Michael P. KELLY.
Michael P. KELLY, Individually and derivatively on behalf of
Energy Conversion Corporation
v.
MELLON BANK (EAST) NATIONAL ASSOCIATION.
Appeal of Michael P. KELLY, Individually and as an
Authorized Corporate Officer on behalf of Energy
Conversion Corporation.
 No. 89-1012.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6)
May 19, 1989.
 Decided May 31, 1989.
 
 Richard L. Caplan, Philadelphia, Pa., for appellant.
 Walter Weir, Jr., Maureen R. Brown, Philadelphia, Pa., for appellee.
 Before SLOVITER, COWEN and WEIS, Circuit Judges.
 OPINION OF THE COURT
 SLOVITER, Circuit Judge.
 
 
 1
 Plaintiff Michael Kelly appeals from the district court's order denying his motion for leave to amend his complaint to add Energy Conversion Corp. (ECC) as a party plaintiff in his adversary proceeding against Mellon Bank (East) National Association (Mellon). Because this appeal was not taken from an appealable order, we do not have jurisdiction and we will dismiss the appeal.
 
 I.
 
 2
 Kelly, a debtor under Chapter 13 of the Bankruptcy Code, filed an adversary proceeding against Mellon, alleging personal claims and derivative claims on behalf of ECC, a company of which Kelly was a director, officer, and majority shareholder. The adversary proceeding was automatically referred to the bankruptcy court but the parties consented to a withdrawal of the automatic referral and the adversary proceeding was transferred to the district court.
 
 
 3
 Kelly's personal claims were based on allegations that Mellon fraudulently induced Kelly and his wife to personally guarantee repayment of money owed by ECC to Mellon. The derivative claims were based on allegations that Mellon breached an agreement to provide financing for ECC and effectively prevented ECC from securing financing from alternate sources, thus forcing ECC into bankruptcy.
 
 
 4
 The district court dismissed Kelly's derivative claims on the ground that he lacked standing to assert those claims but refused to dismiss his personal claims. The court also denied Kelly's cross-motion to join ECC as a plaintiff, stating without further elucidation that the court lacked subject matter jurisdiction. After the district court denied Kelly's motion to reconsider, Kelly appealed. Kelly argues that the district court erred in determining that there was no subject matter jurisdiction over the claim to be asserted by ECC against Mellon. We cannot reach the merits of Kelly's argument at this time unless the matter is presently appealable.
 
 II.
 
 5
 Patently the litigation in the district court on the merits is not over. Kelly's personal claims against Mellon have not been adjudicated. The district court did not certify this issue for immediate appeal under 28 U.S.C. Sec. 1292(b).
 
 
 6
 Orders permitting the addition of plaintiffs are clearly interlocutory, see Deckert v. Independence Shares Corp., 311 U.S. 282, 290-91 & n. 4, 61 S.Ct. 229, 234-35 & n. 4, 85 L.Ed. 189 (1940); Pennsylvania Co. for Insurances on Lives and Granting Annuities v. Deckert, 123 F.2d 979, 984 (3d Cir.1941), reviewable on appeal from a final judgment. Deckert, 311 U.S. at 291, 61 S.Ct. at 234-35. Similarly, denial of leave to amend pleadings is ordinarily not final. See Wells v. South Main Bank, 532 F.2d 1005 (5th Cir.1976).
 
 
 7
 Kelly contends, however, that this case falls within a "death knell" exception to the final order rule whereby orders which have the practical effect of terminating the litigation are treated as final orders. Kelly claims support for the applicability of the death knell rule from Gillespie v. United States Steel Corp., 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964), and United States v. Berkowitz, 328 F.2d 358 (3d Cir.), cert. denied, 379 U.S. 821, 85 S.Ct. 42, 13 L.Ed.2d 32 (1964).
 
 
 8
 In Gillespie, the Supreme Court held that an order dismissing plaintiffs' state law and common law claims on the ground that the Jones Act provided the only remedy was appealable, despite the fact that the Jones Act claims remained pending after the dismissal. Gillespie, 379 U.S. at 152-54, 85 S.Ct. at 311-12. The Court decided that an immediate appeal was justified because plaintiffs' interest in prompt resolution of the continuing validity of the dismissed claims outweighed the interest in preventing piecemeal litigation and because the case involved a controlling issue of law and would have come within the policy of 28 U.S.C. Sec. 1292(b) had the district court certified it. Id. at 153-54, 85 S.Ct. at 311-12.
 
 
 9
 More recent Supreme Court cases have repeatedly reiterated that exceptions to the finality rule, such as the collateral order doctrine, are to be narrowly applied. See Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 374-78, 101 S.Ct. 669, 673-76, 66 L.Ed.2d 571 (1981); Coopers & Lybrand v. Livesay, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). In Coopers & Lybrand the Supreme Court limited Gillespie to its "unique facts," noting also that in Gillespie the finality issues had not been presented until argument before the Court on the merits, 437 U.S. at 477 n. 30, 98 S.Ct. at 2462 n. 30. It stressed that allowance of appeals from inherently nonfinal orders which turned on issues of fact would defeat the purpose of section 1291. Id. The issue that Kelly seeks to have resolved on this appeal, the subject matter jurisdiction of the district court to hear ECC's claims against Mellon, turns on the facts of the case with limited, if any, relevance beyond. Thus to the extent that the Gillespie rationale remains viable, it is inapplicable here, and the interest in preventing piecemeal litigation prevents us from treating this matter as appealable.
 
 
 10
 Berkowitz, which was decided the same year as Gillespie, also affords plaintiff no assistance. In Berkowitz, we held that an order refusing to transfer venue was appealable where process could not be served in the transferor jurisdiction and a new action would be time-barred in the jurisdiction where service could be effected. 328 F.2d at 360. Because the refusal to transfer would have the effect of terminating the suit we held that there were sufficient " 'indicia of finality' " to warrant allowing an immediate appeal. Id. (quoting Brown Shoe Co. v. United States, 370 U.S. 294, 308, 82 S.Ct. 1502, 1514, 8 L.Ed.2d 510 (1962)).
 
 
 11
 Kelly argues that because ECC's claims in other fora may now be time-barred, the court's order is effectively final as to ECC. Mellon on the other hand suggests that not only are ECC's claims not time-barred, but they are currently pending in state court. Even if this were not so, the district court's order would not be appealable at this time.
 
 
 12
 After Kelly's personal claims have been finally adjudicated, he will be able to obtain appellate review of the district court's denial of his motion to amend the complaint. Additionally, Kelly's right, after the resolution of his personal claims, to appeal the district court's dismissal of his derivative claims also acts to preserve his rights. Because Kelly's rights are not practically terminated by the district court's order, Berkowitz is inapplicable. Moreover, we note that the order at issue concerns only Kelly's right to amend the complaint to add ECC as a party; ECC has not moved to intervene.
 
 
 13
 Finally, even if the order denying leave to amend to add a party were final in the context of 28 U.S.C. Sec. 1291, which is implausible, there has been no certification by the district court as required under Fed.R.Civ.P. 54(b) to make a separate claim appealable. Thus the order would not be appealable at this time in any event.
 
 III.
 
 14
 For the reasons set forth above, we will dismiss the appeal.