United States Court of Appeals,

Eleventh Circuit.

Nos. 94-3328, 94-3468, 94-3469 and 94-3470.

Peter J. GRILLI, Special Master,

Julio Gonzalez-Roel, et al.; Ronald Coulter; Anissa Coulter, Appellants,

Sherry Horton, et al., Plaintiffs-Appellees,

v.

METROPOLITAN LIFE INSURANCE COMPANY, INC.; Rick Urso, Defendants,

W.R. Cunningham, et al., Claimants.

Peter J. GRILLI, Special Master,

Julio Gonzalez-Roel, et al., Intervenors,

Douglas Connor; Roena Connor; Ronald Coulter; Anissa Coulter; Darrin Johns; Joann Kablach; Eric Maharg; Terrance McConnell; Deborah Myers; Terry Palmer; Marjorie Palmer; Brian Rohm; James Romano; Mary Romano; Albert Darren Wise; Jeanne Yokel, Appellants,

Sherry Horton, et al., Plaintiffs-Appellees,

v.

METROPOLITAN LIFE INSURANCE COMPANY, INC.; Rick Urso, Defendants-Appellees,

W.R. Cunningham, et al., Claimants.

Peter J. GRILLI, Special Master,

Julio Gonzalez-Roel, et al., Intervenors,

Edward Beliunas; Paulette Beliunas; John Brooks; Stephanie Charles; Shelly A. Daughenbaugh; Jerilyn Freiwald; Nina Heathcote; Daniel Heathcote; Robert W. Hemcher; Kenneth D. Johnson; Michele R. Johnson; Frieda E. Kamel; Jerome J. Knorr; Enod S. Knorr; George Liptak; Ruth Liptak; Kenneth J. Magnes; Sandra Marie McCue; Mark A. Ondrusek; Ernestine Peterson; Rori K. Rasel; Clarence Ridgeway; Emily N. Riehl; Joan C. Velenta; Robert Dale Wiles; Catherine Wiles, Appellants,

Sherry Horton, et al., Plaintiffs-Appellees,

v.

METROPOLITAN LIFE INSURANCE COMPANY, INC.;  Rick Urso, Defendants-Appellees,

W.R. Cunningham, et al., Claimants.

Peter J. GRILLI, Special Master,

Julio Gonzalez-Roel, et al., Intervenors,

Ronald Coulter;  Anissa Coulter, Appellants,

Sherry Horton, et al., Plaintiffs,

v.

METROPOLITAN LIFE INSURANCE COMPANY, INC., Defendant-Appellee,

Rick Urso, Defendant,

W.R. Cunningham, et al., Claimants.

April 2, 1996.

Appeals from the United States District Court for the Middle District of Florida. (No. 93-1849-Civ-T-23A, Steven D. Merryday, Judge.

Before TJOFLAT, Chief Judge, and RONEY and CAMPBELL[*], Senior Circuit Judges.

PER CURIAM:

Before us for review in these consolidated appeals are orders entered by the district court in a class action suit brought on November 1, 1993, by Sherry Horton and others ("Horton") against Metropolitan Life Insurance Company ("MetLife").  Among other things, these orders denied motions of two class members to intervene in the case, to have their attorney appointed as co-counsel for the class, and to extend the deadline for opting out of the class.  We conclude that appellants' challenges to these

---

[*]Honorable Levin H. Campbell, Senior U.S. Circuit Judge for the First Circuit, sitting by designation.

orders are meritless. The orders were necessary to the efficient disposition of the case, and the district court can hardly be faulted for entering them.

I.

Horton brought this lawsuit in the United States District Court for the Middle District of Florida, to recover, under the federal RICO statute, [1] damages that she and the members of her class allegedly suffered at the hands of MetLife agents who sold them whole life insurance policies on the alleged misrepresentation that they were retirement and/or savings plans. These sales took place in several locations, including Pittsburgh, Pennsylvania, and Tampa, Florida.

On March 25, 1994, approximately four months after Horton brought her suit, Ronald and Anissa Coulter ("the Coulters"), represented by attorney Kenneth W. Behrend of Pittsburgh, sued MetLife in state court in Pittsburgh. They sought recovery for themselves and the members of the *Horton* class who were residents of Pennsylvania.[2] A class has not been certified in that case, [3] accordingly, at the present time, the Coulters are proceeding in

---

[1]Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964 (1994) (as added by the Organized Crime Control Act of 1970, Pub.L. No. 91-452, § 901(a), 84 Stat. 922, 941-47). Horton also sought recovery under several other theories of liability, including common law fraud.

[2]They also sought recovery for themselves and others who had purchased MetLife products not formally approved by the Pennsylvania insurance commissioner. The Coulters alleged that, in selling the products described in their complaint, MetLife violated several federal and state laws.

[3]That is, as of the date of the oral argument of these appeals, December 5, 1995, a class had not been certified in the Pennsylvania case.

that case alone.

On April 7, 1994, Horton and MetLife reached a settlement agreement. On April 22, the district court certified a settlement class, appointed class counsel, preliminarily approved the proposed settlement and the class notice, and scheduled a fairness hearing for July 18, 1994. In accordance with the settlement agreement, the court ordered that any who wished to be excluded from the class opt out by June 13. The court set the same deadline for the filing of claim forms, which accompanied the class notice.

On May 30, 1994, the Coulters, through Behrend, moved the district court for leave to intervene as plaintiffs in *Horton.* They represented that their claims were "atypical of those in the *Horton* class." The Coulters' motion requested that the court sever all Pennsylvania residents from the settlement class so that the Coulters could seek to represent them in the suit they had brought in Pittsburgh. Alternatively, the Coulters asked the court to allow their attorney, Behrend, to represent the members of the *Horton* class from Pennsylvania. In moving the court to intervene, the Coulters did not present the court with a proposed complaint for filing in the case. In fact, at no time have they sought to litigate a claim independently and apart from the *Horton* class in that case.

The fairness hearing was held as scheduled on July 18, 1994. The district court heard the objections of the Coulters and others to the proposed settlement and to the adequacy of the notice that had been sent to the class. The court also heard argument on the Coulters' motion to intervene. The court denied their motion in an

oral ruling from the bench. The court reduced its ruling to a written order on October 25, 1994.[4]

In that order, the court stated that even though the Coulters, as class members, had a legally protectable interest in the action, they were not entitled to intervene as of right under Rule 24. *See* Fed.R.Civ.P. 24(a). They could protect their interest either by opting out of the class and litigating separately, or by remaining in the case (where, in the court's view, they were being adequately represented by the plaintiffs' attorneys) and, if they thought the proposed settlement was unfair, by objecting to it. Turning to the Coulters' alternative request that they be granted permissive intervention under Rule 24(b), the court observed that the procedures for objecting to the settlement or opting out of the class already offered the Coulters all the relief they were seeking for themselves and the Pennsylvania members of the settlement class.[5] The Coulters appealed the court's rulings in appeal No. 94-3328. The court approved the proposed settlement on the same day it issued a written order denying the Coulters intervention.[6]

After the district court announced from the bench at the July 18 hearing that it was denying the Coulters' motion for leave to intervene, Behrend asked the court to exclude the Coulters from the

---

[4]Comprehensive findings of fact and conclusions of law accompanied the order.

[5]At the same time, the court stated that the Coulters appeared to lack standing to represent the Pennsylvania members of the *Horton* class on any issue. The Pittsburgh court had not certified a class, had not declared them class members, and had not approved their attorney's representation of any class.

[6]The court's approval of the settlement is not an issue in these appeals.

settlement class even though the June 13 deadline for opting out had passed.[7] Other parties who let the deadline pass sought the same relief. The district court denied these requests because (1) none of the movants had established excusable neglect under Federal Rule of Civil Procedure 6(b)(2) for failing to move for an extension of the deadline prior to the deadline date, (2) allowing the requested opt-outs would severely prejudice MetLife's rights under the settlement agreement, and (3) the movants would suffer little, if any, prejudice by remaining in the class, since MetLife would permit them to file late proofs of claim and to participate in the settlement and obtain full restitution. The Coulters and the other late movants appeal this ruling in appeal No. 94-3468.

On October 4, 1994, the Coulters, again through Behrend, filed a "Petition for Injunctive Relief Pursuant to F.R.C.P. 23(d) for Restraint of Improper Contacts in Violation of Local Rule 4.04, and for Sanctions." The petition alleged that two MetLife sales representatives had engaged in improper communications with certain potential class members and that MetLife and/or its counsel were permitting the company to sabotage the class notice. The Coulters asked the court for permission to conduct discovery, to require the issuance of a new class notice, to appoint their attorney, Behrend, as co-counsel for the class, and to award attorney's fees.

Both MetLife and the *Horton* plaintiffs opposed the motion. Noting the absence of any evidentiary support for the Coulters' petition, the district court concluded that the petition "appears

_____

[7]The Coulters repeated this request in a written application filed on September 21, 1994.

to have been filed for the sole purpose of causing delay, derailing the proposed class action settlement, and generating legal fees for the Coulters' attorney." The court found the petition "unworthy of additional consideration, and because the Coulters and their attorney have consumed already an enormous amount of the parties' and the Court's resources," their request for relief was denied.[8] The Coulters appeal this ruling in No. 94-3470.

Meanwhile, on September 21, 1994, Edward Beliunas and others ("Beliunas"), who were also represented by Behrend, moved the court to declare that they were not members of the settlement class. The motion was based essentially on counsel's assertion that Beliunas had not received notice of the lawsuit. At the same time, however, the motion seemed to question whether Beliunas had purchased the sort of MetLife product that was involved in *Horton* and thus whether Beliunas should have been notified at all.

Because the question of whether a policy holder is a class member is a fact-specific inquiry determined on a case-by-case basis, the district court denied Beliunas' motion without prejudice and appointed a special master. The court directed that any of the Beliunas movants who wished to obtain a determination as to whether

---

[8]In rejecting the Coulters' petition, the court, *sua sponte,*

> admonish[ed] the Coulters and their attorney ... [to] remain mindful of the provisions of [Federal Rule of Civil Procedure] 11. Rule 11 precludes the filing of superfluous motions for the purposes of wasting valuable resources, perpetuating undue delay, and serving illegitimate self-interests. If applied to the papers filed by the Coulters and their attorney, Rule 11 might well trigger relief markedly different in both effect and object from that which they proposed or contemplated.

he or she was a member of the settlement class should petition the special master for such determination. The court set November 22, 1994 as the deadline for filing such petitions. In appointing a special master for this purpose, the court noted that the settlement agreement contemplated the use of a special master to resolve the disputed claims of individual class members. None of the Beliunas movants accepted the court's invitation to petition the special master, however. Instead, all appealed, in appeal No. 94-3469.

## II.

These appeals raise several issues. We address only four of them, because they are dispositive. These issues, and our resolution thereof, are as follows.

(1) Whether, in No. 94-3328, the district court (a) erred in denying the Coulters' motion for leave to intervene in the action as a matter of right for the purpose of representing their interests and those of the Pennsylvania members of the settlement class, or (b) abused its discretion in denying the Coulters permissive intervention.

Though a denial of a motion to intervene is generally not considered an appealable final order, we have provisional jurisdiction to review such an order under the Eleventh Circuit's "anomalous rule." *EEOC v. Eastern Airlines, Inc.,* 736 F.2d 635, 637 (11th Cir.1984). If we conclude the district court's order was properly granted, our jurisdiction evaporates because the ruling is not a final order. If we find the district court erred, however, we retain jurisdiction and reverse the ruling. *Id.*

We find no error or abuse of discretion in the ruling. At the time the district court ruled, neither the Pittsburgh court presiding over the Coulters' suit against MetLife, or any other court, had appointed the Coulters as the representatives of any class of purchasers of MetLife products. Moreover, no court had appointed Behrend to represent anyone with a claim against MetLife. We therefore cannot conclude that the district court's denial of intervention was erroneous.

(2) Whether, in No. 94-3468, the district court abused its discretion in denying the requests of the Coulters and others to opt out of the settlement class after the June 13, 1994, deadline had expired.

Because the Coulters made a tactical decision not to opt out in time, and the other movants failed to meet the "excusable neglect" standard of Rule 6(b)(2), we see no reason for permitting an opt-out after the expiration of the deadline. Accordingly, we find no abuse of discretion by the district court.

(3) Whether, in No. 94-3469, the district court's order (a) denying without prejudice Beliunas' motion that the court declare that Beliunas was not a member of the settlement class and (b) referring that class-status issue to a special master, is an appealable order and, if so, whether the court's action constituted an abuse of discretion.

An order referring a matter to a special master is not a final order appealable under 28 U.S.C. § 1291 because it does not terminate the appellant's claim. *See Deckert v. Independence Shares Corp.,* 311 U.S. 282, 290-91 & n. 4, 61 S.Ct. 229, 234 & n.

4, 85 L.Ed. 189 (1940) (order referring issue to master is interlocutory and not appealable); *Turner v. Secretary of Air Force,* 944 F.2d 804, 806 n. 1 (11th Cir.1991) (noting that court had found order of reference to special master non-final). We hold, therefore, that the portion of the challenged order providing for the resolution of class-status issues to a special master is not appealable; we therefore do not review it.

A dismissal without prejudice may be treated as an appealable final order. *See Davis Forestry Corp. v. Smith,* 707 F.2d 1325, 1326-27 n. 1 (11th Cir.1983). We do not believe, however, that we have a final order before us. The district court denied a *motion* without prejudice; it did not dismiss a complaint. In short, it was an interlocutory order. Moreover, the court anticipated further proceedings with respect to the issues raised, and provided a means for Belunias and others to have their class status reviewed.

Assuming for the sake of argument that the disposition is appealable, we conclude that the court's action was entirely reasonable, especially when coupled with the reference to the special master. The court simply drew on its inherent power to fashion an efficient and economic solution to the problem the movants presented. Clearly, there was no abuse of discretion.[9]

(4) Whether, in No. 94-3470, the district court abused its discretion in denying the Coulters' motion for injunctive relief, remedial measures, and sanctions based on MetLife's allegedly

---

[9]We note in passing that none of the movants objected to the reference to the special master or requested the court to fashion an alternative method for addressing their concerns.

improper communications with potential class members.

We affirm the district court on this issue because the Coulters lacked standing to seek the requested relief. They themselves were not affected by the alleged misconduct, and they could not speak for anyone else. Even if we were to assume that they had standing, the district court did not abuse its discretion in denying the requested relief because the Coulters failed to demonstrate that the alleged misconduct occurred.

### III.

These appeals not only lack merit, they are frivolous. We therefore exercise our discretion to award the appellees double costs and reasonable attorney's fees. Those fees shall be determined with respect to each appellant and appellee by the district court following the receipt of our mandate. *See* Fed.R.App.P. 38; *Pelletier v. Zweifel,* 921 F.2d 1465, 1523 (11th Cir.), *cert. denied,* 502 U.S. 855, 112 S.Ct. 167, 116 L.Ed.2d 131 (1991).

SO ORDERED.