IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 5, 2007

Charles R. Fulbruge III
Clerk

No. 07-40200

ANIMALE GROUP INC; ANIMALE GROUP SA

Plaintiffs - Appellees

v.

SUNNY′S PERFUME INC; SUNIL KUMAR TYAGI

Defendants - Appellants

Appeal from the United States District Court
for the Southern District of Texas, Laredo
No. 5:07-CV-13

Before KING, BARKSDALE and DENNIS, Circuit Judges.

PER CURIAM:[*]

Sunny′s Perfume, Inc. ("Sunny′s Perfume") and Sunil Kumar Tyagi
(collectively "Defendants") appeal the district court′s February 8, 2007,
preliminary injunction restraining them from transferring certain assets.
Defendants′ sole argument on appeal is that the district court lacked the
authority to enter a pre-judgment asset freeze under any circumstance. We
AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Animale Group, Inc. and Animale Group, S.A. ("Plaintiffs") are the owners of the federally-registered trademark "Animale."  Plaintiffs design, distribute and market perfume under the Animale trade name.  Sunny's Perfume runs a storefront and wholesale warehouse in Laredo, Texas.  Tyagi is the owner and operator of Sunny's Perfume.

On January 25, 2007, Plaintiffs filed a six count complaint against Defendants for violations of the Lanham Act and various state torts.  Plaintiffs alleged that Defendants were selling counterfeit perfume labeled with the Animale trademark.  On the same day, Plaintiffs moved for a temporary restraining order freezing Defendants' assets.  The district court granted the application, pending a February 6, 2007, hearing on Plaintiffs' motion for preliminary injunction.  During the hearing, the district court granted the motion for a preliminary injunction, and enjoined Defendants from transferring approximately $600,000 in real property and cash.  The district court stated that it had authority to enter the injunction because Plaintiffs' suit sought equitable relief, and a freeze was necessary to prevent Defendants from dissipating their assets.

On March 6, 2007, Defendants filed this interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(1).

## II.  DISCUSSION

### A.  Standard of Review

"A district court's grant of preliminary injunction is reviewed for abuse of discretion." Women's Med. Ctr. of Nw. Houston v. Bell, 248 F.3d 411, 418-19 (5th Cir. 2001) (citations omitted).  Findings of fact are reviewed for clear error, and legal determinations are reviewed de novo.  Hoover v. Morales, 164 F.3d 221, 224 (5th Cir. 1998).  Because Defendants challenge only the district court's power to

enter an asset restraint altogether, and not its factual findings, our review is de novo.

B. Analysis

Defendants argue that the district court lacked the authority to freeze their assets based on Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308 (1999). In Grupo Mexicano, the Supreme Court held that federal courts do not have equitable authority to preliminarily freeze assets in legal actions. Id. at 324-33. It reasoned that a federal court's equitable power is limited to the jurisdiction exercised by the High Court of Chancery in England at the time of the enactment of the Judiciary Act of 1789. Id. at 318-19 (citations omitted). Traditionally, remedies of law had to be exhausted before equitable remedies could be pursued. Id. at 319-20. A general creditor without a judgment "had no cognizable interest, either at law or in equity, in the property of his debtor, and therefore could not interfere with the debtor's use of that property." Id. at 320-21.

As Plaintiffs note, however, Defendants fail to address prior Supreme Court precedent authorizing pre-judgment asset restraints. In particular, in Deckert v. Independence Shares Corp., 311 U.S. 282, 289-91 (1940), the Court held that a district court had sufficient equitable powers to preliminarily freeze a defendant's assets in suits sounding in equity. The Court concluded that where a legal action is inadequate and an asset freeze is narrowly drawn to sequester only those funds necessary to satisfy the potential judgment, "'[i]t is well settled that the granting of a temporary injunction . . . is within the sound discretion of the trial court . . . .'" Id. at 290 (quoting Prendergast v. N.Y. Tel. Co., 262 U.S. 43, 50 (1923)); see also United States v. First Nat'l City Bank, 379 U.S. 378, 385 (1965) (stating that defendants might dissipate their assets if the district court could not freeze their bank accounts).

3

The issue before us, then, is whether Grupo Mexicano governs equitable as well as legal actions. Other circuits have determined that the case is limited to actions at law. See, e.g., United States ex rel Rahman v. Oncology Assocs., P.C., 198 F.3d 489, 496-97 (4th Cir. 1999) (holding that Deckert still authorizes a district court to preliminarily freeze assets in a case involving equitable claims); CSC Holdings, Inc. v. Redisi, 309 F.3d 988, 996 (7th Cir. 2002) ("[T]he [C]ourt specifically noted that a restraint on assets was still proper if a suit sought equitable relief."); Kennedy Bldg. Assocs. v. CBS Corp., 476 F.3d 530, 535 (8th Cir. 2007) ("Here, the underlying relief sought is equitable, rather than legal, so our case involves the use of equity in support of equity, rather than equity in support of a legal remedy."); In re Focus Media Inc., 387 F.3d 1077, 1085 (9th Cir. 2004) ("Grupo Mexicano . . . exempts from its proscription . . . cases in which equitable relief is sought."); SEC v. ETS Payphones, Inc., 408 F.3d 727, 734 (11th Cir. 2005) ("Grupo Mexicano does not control the outcome of this case, because the SEC seeks equitable relief (disgorgement), not just money damages.").

We agree. In Grupo Mexicano, the Supreme Court explicitly distinguished Deckert. See 527 U.S. at 324-25 (stating that Deckert was not on point because the underlying cause of action there was for equitable relief). It also noted that "[t]he preliminary relief available in a suit seeking equitable relief has nothing to do with the preliminary relief available in a creditor's bill seeking equitable assistance in the collection of a legal debt." Id. at 325. Until the Court instructs us otherwise, we must continue to follow Deckert. See Medellin v. Dretke, 371 F.3d 270, 280 (5th Cir. 2004).

Defendants do not contest that Plaintiffs seek equitable relief, nor could they. Plaintiffs seek an accounting of lost profits under the Lanham Act, which is "subject to the principles of equity." See 15 U.S.C. § 1117(a). This court

previously recognized that such an accounting is an equitable remedy. Maltina Corp. v. Cawy Bottling Co., 613 F.2d 582, 584-85 (5th Cir. 1980) (holding that an accounting remedies unjust enrichment). As have other circuits. See, e.g., Levi Strauss & Co. v. Sunrise Int'l Trading Inc., 51 F.3d 982, 986-87 (11th Cir. 1995); Reebok Int'l, Ltd. v. Marnatech Enters., Inc., 970 F.2d 552, 559 (9th Cir. 1992). Because Defendants seek equitable relief, the district court was authorized to preserve the status quo by entering a limited asset freeze.

## III. CONCLUSION

For the reasons stated above, we AFFIRM the district court's preliminary injunction.